■ IRVING GROSS, Respondent, v HELENE O'CONNOR, Appellant, et al., Defendants.—In an action to compel defendants to deliver a deed being held in escrow to plaintiff, the defendant maker of the deed, Helene O'Connor, appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County, dated November 14, 1979, as denied the branches of her motion which sought leave to serve an amended answer and interrogatories, and to correct the transcript of her pretrial deposition. Order modified by deleting the first ordering paragraph thereof and substituting therefor provisions (1) granting the branch of the motion which seeks leave to serve an amended answer to the extent of amending defendant O'Connor's original answer to assert the four affirmative defenses set forth in her proposed answer and otherwise denying the said branch of the motion, and (2) granting the portions of the motion which seek leave to serve interrogato-

ries upon the plaintiff and leave to correct the transcript of her pretrial deposition. As so modified, order affirmed insofar as appealed from, with $50 costs and disbursements to defendant O'Connor payable by plaintiff. The interrogatories annexed to the moving papers are deemed served and plaintiff's time to reply is extended until 20 days after service upon him of a copy of the order to be made hereon, together with notice of entry thereof. The court at Trial Term was correct in denying so much of defendant O'Connor's motion as would have had the effect of changing the specific denials and repudiating the admissions contained in her original answer. No affidavit of the appellant was submitted to explain the necessity and excuse for such an amendment. However, it is our opinion that Trial Term improvidently denied leave to assert the four affirmative defenses stated in the proposed amended answer since CPLR 3025 (subd [b]) directs that leave to amend pleadings shall be freely given and no prejudice to plaintiff from such an amendment at this stage of the action has been shown. Furthermore, appellant should have been granted permission to correct the transcript of her examination before trial since plaintiff's attorney consented to this relief, stating in his affirmation that "No objection is made to any changes to the transcript by the defendant as long as it conforms to the provisions and requirements of CPLR 3116." Finally, appellant should have been granted leave to serve interrogatories. These interrogatories sought information that was fundamental to appellant's case and in light of her specific request that the action retain its place upon the Equity Calendar, it cannot be said that granting leave to serve said interrogatories would have delayed the action. Mollen, P. J., Damiani, Gulotta and Cohalan, JJ., concur.