■ HERBERT FEINSTEIN et al., Respondents, v DAVID GOEBEL et al., Appellants. — In an action to recover damages for personal injuries, etc., defendants appeal from (1) so much of an order of the Supreme Court, Queens County (Miller, J.), dated September 17, 1982, as denied that branch of their motion which sought leave to amend their answer to include the affirmative defense of comparative negligence and (2) an order of the same court, dated December 22, 1982, which denied defendants' motion to renew so much of their prior motion as sought to amend their answer. Appeal from the order dated September 17, 1982 dismissed as academic in light of the determination of the appeal from the order dated December 22, 1982. Order dated December 22, 1982, reversed, without costs or disbursements, defendants' motion for renewal is granted, and upon renewal, so much of the order dated September 17, 1982, as denied that branch of defendants' motion which sought leave to amend their answer to include the affirmative defense of comparative negligence is vacated, and that branch of their motion is granted on condition defendants pay plaintiffs $250 costs. Defendants' time to pay said costs is extended until 20 days after service upon them of a copy of the order to be made hereon, with notice of entry. The amended answer shall be served with such payment. In the event the foregoing condition is not complied with, orders affirmed, insofar as appealed from, with one bill of costs. The plaintiffs' complaint against the defendant doctors was based on the latters' alleged negligence in administering the drug coumadin to the male plaintiff during the period September 8, 1977 through September 25, 1977, which allegedly caused the male plaintiff to suffer, inter alia, "massive gastrointestinal and nasal hemorrhage" and "dizziness". In their original motion for leave to amend their answer to include the affirmative defense of comparative negligence, defendants' counsel argued that "[p]rior to any treatment by the defendant doctors" the male plaintiff had been in an accident "in which he crashed his automobile into a parked vehicle" and that "the injuries of which 'the plaintiff complains, and especially any hemorrhaging were completely and/or partially contributed to by that accident". Special Term initially denied the branch of defendants' motion which sought leave to amend their answer on the ground that the automobile accident which defendants' counsel had described as occurring "[p]rior to any treatment by the defendant doctors" could not "form the basis for a claim of comparative negligence". Upon realization of the basis of Special Term's decision, defendants' counsel moved "for reargument and renewal" of the prior motion. Specifically, defendants' counsel apologized for incorrectly using the word "prior" in his original moving affidavit, and also submitted hospital records and a portion of the male plaintiff's examination before trial indicates that the car accident in which the male plaintiff was involved occurred during, and not prior to, his treatment by the defendants. On the merits of the motion, defendants' counsel submitted a Flushing Hospital record of admittance of the male plaintiff on September 25, 1977, the date of the car accident, which states in pertinent part: "More information was available from his son. According to him patient had an argument with his wife and after he left her drank heavily, driving his car and hit against a parked car and sustained serious injuries and since then he is bleeding profusely". Defendants' counsel argued that at the very least a question of fact existed as to what, in fact, caused the hemorrhaging and dizziness of the male plaintiff, i.e., the coumadin overdose, as claimed plaintiffs, or faulty driving by the male plaintiff and a resulting accident, as claimed by defendants. Special Term denied the motion to renew. We reverse. Preliminarily, it should be noted that defendants' second motion, was properly

designated as one for renewal even though the new material submitted, i.e., the Flushing Hospital record and the transcript of the male plaintiff's examination before trial was available to defendants' counsel at the time of the original motion (see *Esa v New York Prop. Ins. Underwriting Assn.,* 89 AD2d 865; cf. *Rose v La Joux,* 93 AD2d 817). Moreover, the order dated December 22, 1982, which denied renewal, is appealable (*Matter of Hooker Ave. Dept. Store [Greher],* 74 AD2d 873). Turning to the merits of defendants' motion to renew, CPLR 3025 (subd [b]) provides that leave to amend pleadings shall be freely given upon such terms as may be just (see, e.g., *Gross v O'Connor,* 74 AD2d 633). Although it appears that defendants delayed in making their original motion for leave to amend their answer, it has been held that "[m]ere lapse of time, unaccompanied by proof of actual prejudice * * * is not a sufficient ground for denial of such a motion" (*Brewster v City of New York,* 78 AD2d 667, 667-668; see, also, *Haven Assoc. v Donro Realty Corp.,* 96 AD2d 526). The above-quoted entry in the hospital record, dated September 25, 1977, at the very least, suggested the possibility that some or all of the injuries claimed by the male plaintiff may have been the result of an automobile accident caused by his negligence and that they were not the result of defendants' alleged negligence in administering coumadin to the male plaintiff. Under these circumstances, Special Term abused its discretion in denying defendants' motion to renew and in failing to grant the requested relief. However, since defendants did not attempt to excuse their delay in making their motion, the imposition of costs is appropriate (*Haven Assoc. v Donro Realty Corp., supra*). Mangano, J. P. Gibbons, O'Connor and Weinstein, JJ., concur.