■ DAVID DEOLDEN et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 66814-A.) — In a claim to recover damages for personal injuries, etc., claimants appeal, as limited by their brief, (1) from so much of an order of the Court of Claims (Lengyel, J.), entered September 26, 1983, as limited the extent of available disclosure regarding items Nos. 3, 9, 10, 12, 18, 26 and 28 of their notice for discovery and inspection dated June 10, 1982, *inter alia,* to a period of three years preceding the date of the underlying occurrence, and (2) from a further order of the same court, entered January 20, 1984, which denied their motion for leave to renew and/or reargue the afore-mentioned aspect of its previous order.

Appeal from the order entered September 26, 1983, dismissed as academic, without costs or disbursements, in light of the determination of the appeal from the order entered January 20, 1984.

Order entered January 20, 1984, reversed, without costs or disbursements, claimants' motion for leave to renew and/or reargue granted, and upon renewal and reargument, so much of

the order entered September 26, 1983 as restricted the scope of available disclosure regarding items Nos. 3, 9, 10, 12, 18, 26 and 28 of claimants' notice for discovery and inspection dated June 10, 1982, *inter alia,* to a period of "three" years preceding the date of the underlying accident is vacated, and a period of "four" years is substituted therefor.

We treat claimants' motion for leave to renew and/or reargue as a motion for leave to renew, notwithstanding the fact that the new material submitted was apparently available to claimants' counsel at the time of the original motion (see *Feinstein v Goebel,* 97 AD2d 456; *Vitale v La Cour,* 96 AD2d 941; cf. *Rose v La Joux,* 93 AD2d 817).

Based upon the new material submitted, which tends to establish that the intersection at which the claimant David DeOlden was injured had become a source of concern to local residents prior to August 14, 1978, we have reached the conclusion that the liberal policy of disclosure incorporated into the CPLR (CPLR 3101, subd [a]; *Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406; *Echevarrieta v Migoya,* 97 AD2d 832) requires that the period of permissible disclosure regarding the items in issue be expanded, as requested, to four years preceding the date of the underlying occurrence. Titone, J. P., Mangano, Gibbons and O'Connor, JJ., concur.