■ HENRY R. DITTMER, Respondent, v STATE OF NEW YORK, Appellant

The defendant challenges the determination that the highest and best use to which the subject real property could have been put prior to the appropriation of a portion of the property was for commercial purposes. In this regard, the defendant claimed that a determination by the Court of Claims in 1973 which dealt with the same parcel was law of the case *(see, Giacobbe v State of New York,* Ct Cl, Apr. 2, 1973, Magnum, J.).* In the former proceeding a prior owner of the subject property sought damages resulting from the defendant's appropriation of a portion of the property by means of a permanent easement. The court held that the highest and best use of the property after that appropriation was its sale to an abutting property owner. The defendant asserts that the doctrine of law of the case and collateral estoppel bar the relitigation of the issue by the claimant. We disagree.

The doctrine of law of the case provides that "when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned" *(Martin v City of Cohoes,* 37 NY2d 162, 165, *rearg denied* 37 NY2d 817, *mot to amend remittitur denied* 37 NY2d 818). However, the application of the doctrine is limited to questions of law within the same litigation (1 Carmody-Wait 2d, NY Prac § 2:66; *Matter of McGrath v Gold,* 36 NY2d 406). In this instance we are dealing with an issue of fact and

with a litigation which is completely separate and apart from the litigation wherein this issue was previously decided, and therefore, the doctrine has no application. On the other hand, the doctrine of collateral estoppel applies to both issues of fact and law and "permits in certain situations the determination of an issue of fact or law raised in a subsequent action by reference to a previous judgment on a different cause of action in which the same issue was necessarily raised and decided" *(Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485). To invoke this doctrine, proof is required that the party against whom it is sought to be invoked had previously been afforded a full and fair opportunity to litigate the issue and that the issue in the prior action is identical to and therefore determinative of the issue in the current action *(Gramatan Home Investors Corp. v Lopez, supra).* In this case, it has been established that the issue of the highest and best use to which the subject property could be put prior to the current litigation was not fully litigated by the claimant or a party with whom he was in privity in the prior proceeding. Therefore, the court properly refused to apply the doctrine of collateral estoppel.

Furthermore, we agree with the court's determination that the claimant established the existence of a reasonable probability that the preappropriation use asserted, i.e., a commercial use, could or would have been made of the subject property in the near future *(see, Matter of City of New York [Shorefront High School—Rudnick],* 25 NY2d 146, *remittitur amended* 26 NY2d 748).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Kunzeman and Harwood, JJ., concur.