■ In the Matter of PKS DEVELOPMENT COMPANY, Respondent, v KAHN LUMBER & MILLWORK CO., INC., Appellant, et al., Respondents.—In a proceeding to vacate a mechanic's lien, the appeal is from an order and judgment (one paper) of the Supreme Court, Richmond County (Sangiorgio, J.), entered July 27, 1990, which, *inter alia,* (1) granted the petition, and (2) rescinded retroactively two orders of the same court, dated December 4, 1989, and January 8, 1990, respectively, which directed the "bonding" of the lien and continued the lien in full force and effect.

Ordered that the order and judgment is affirmed, with costs.

Lien Law § 11 requires a party to serve a notice of lien on the owner, and expressly states that failure to file proof of service within 35 days after the notice of lien is filed shall terminate the notice as a lien. Since the appellant failed to file proof of service as required by the clear and unambiguous language of the statute, the Supreme Court properly granted the petition to vacate the lien *(see, Matter of Hui's Realty v Transcontinental Constr. Servs.,* 168 AD2d 302, 302-303; *Murphy Constr. Corp. v Morrissey,* 168 AD2d 877, 878).

The appellant further contends that the Supreme Court was

precluded from considering the instant application since it had denied a prior application to vacate the same lien on other grounds. However, the Supreme Court was not so precluded, since the question of whether the appellant had complied with Lien Law § 11 was never addressed in the prior application *(see, Matter of McGrath v Gold,* 36 NY2d 406, 413; *Dittmer v State of New York,* 140 AD2d 663).

Further, the instant application could be treated as an application to renew the prior application based on the newly-discovered fact that the appellant had not complied with Lien Law § 11. Even if evidence of a violation of Lien Law § 11 had been available at the time of the original application, the Supreme Court nonetheless could, in its discretion, grant renewal *(see, Canzoneri v Wigand Corp.,* 168 AD2d 593; *DeOlden v State of New York,* 107 AD2d 790, 791). Balletta, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.