BENJAMIN NIELDS, III, Plaintiff, *v.* C. RUSSELL LEA, Defendant.

Supreme Court, Special Term, Westchester County, April 19, 1948.

*Bleakley, Platt, Gilchrist & Walker* and *John F. X. McGohey, United States Attorney,* for defendant.

*Hayes, St. John, Abramson & Schulman (Cahill, Gordon, Zachry & Reindel* of counsel), for plaintiff.

DAVIS, J. The action is for libel. The complaint alleges that in 1942, at a time when the plaintiff was applying for a commission in the United States Navy, the defendant published certain defamatory matter to officers and employees of the Navy concerning the plaintiff. The statements attributed to the defendant reflected seriously on the plaintiff's loyalty, and were libelous per se. Issue having been joined, the plaintiff served a notice to examine the defendant before trial on the issues of publication, falsity, malice and damage. Thereupon the United States Attorney for the Southern District of New York, acting in behalf of the Secretary of the Navy, became counsel for the defendant and moved to vacate the notice of examination before trial on the ground that it calls for the disclosure of matters declared confidential by Navy regulations.

Nothing in the notice served by the plaintiff warrants the inference that the plaintiff is seeking an examination of any document in the Navy Department's files. It appears that prior to the commencement of this action the plaintiff was permitted, upon request, to make a copy of his file containing the alleged defamatory matter. In the papers before me there is no evidence to support the suggestion in the brief of the United States Attorney that the copies were obtained by a " ruse ". With the copies validly in his possession, the plaintiff now seeks to examine the defendant as to their contents. I see no reason why he should not be permitted to do so.

The authorities cited by the United States Attorney, holding that certain reports to the executive branches of the Government are not subject to judicial process, are clearly beside the point since there is no application before me for an inspection or disclosure of any such report. The United States Attorney argues further, however, that if the report itself is confidential, secondary evidence of its contents may not be received, since the admission of such evidence would permit the indirect accomplishment of a result deemed contrary to public policy. When properly understood and limited, the argument is sound. It would plainly be futile to forbid the inspection of confidential documents in Government custody, and at the same time sanction compulsory testimony by the custodian as to their contents. This, and nothing more, was the holding in *Matter of Lamberton*

(124 F. 446), *Gray* v. *Pentland* (2 Serg. & Raw. [Pa.] 23) and similar cases cited by the defendant. Here the plaintiff seeks no such relief. He is not attempting to compel any government official to reveal information obtained from confidential files. The plaintiff already possesses all the information which the files contain; he wishes now to find out from the defendant whether the latter was the source from which the information came. The defendant's answers will be based on his own personal knowledge, and not on any knowledge obtained from governmental records. That being so, I conclude: (1) That there are no considerations of public policy which permit the defendant to assert a personal privilege against the proposed examination; (2) that the Government has no interest in the subject matter of the examination which authorizes it to assert the privilege in the defendant's behalf. For the latter reason I believe that the case of *Firth Sterling Steel Co.* v. *Bethlehem Steel Co.* (199 F. 353) has no application.

In the interests of justice the motion is denied. Settle order on notice at Special Term.