In the Matter of Louis Keller, Respondent, against Maurice Finkelstein et al., Constituting the Temporary City Housing Rent Commission of the City of New York, Appellants. — In October, 1947, respondent contracted to purchase a two-family house in Brooklyn and shortly thereafter made application to the temporary city housing rent commission for a certificate to evict the tenant in the lower floor apartment. Although compelling necessity for possession of the dwelling accommodations was shown, the commission refused to issue the certificate because of failure to show good faith, respondent having permitted one of the co-owners who sold the property to him to remain in possession under a lease given by him, as part of the transaction, in consideration of a reduction in the purchase price. Respondent then instituted a proceeding under article 78 of the Civil Practice Act to review the determination of the commission. Special Term annulled the determination and directed the certificate to issue. Order reversed on the law and the facts, without costs, and the petition dismissed, without costs. There is no basis for a finding that the action of the commission was capricious, arbitrary or unreasonable, and the court may not substitute its judgment for that of the commission. Carswell, Acting P. J., Johnston, Nolan, Sneed and Wenzel, JJ., concur.

In the Matter of the Accounting of Bertha Tobman, as Administratrix of the Estate of Eva Pellman, Deceased, Appellant. Charles Pellman et al., Respondents. — Decree of the Queens County Surrogate's Court unanimously affirmed, without costs. Appeal from decision dismissed, without costs. No opinion. Present — Carswell, Acting P. J., Johnston, Nolan, Sneed and Wenzel, JJ. [See *post*, p. 928.]

In the Matter of Sally White, Appellant, against Paul L. Ross et al., Constituting the Temporary City Housing Rent Commission of the City of New York, Respondents. — Order denying appellant's motion to annul a determination by respondents which denied appellant's application for a certificate of eviction, unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Carswell, Acting P. J., Adel, Nolan, Sneed and Wenzel, JJ.

Alex Karlson, Appellant, v. Long Island Rail Road Company, Respondent. — In an.action to recover damages for personal injuries, it appears that the plaintiff walked through a hole in a fence along a railroad right of way, proceeded parallel with the tracks for a distance of 150 feet, crossed one set of rails, and was in contact with a short train which was backing on the second set of rails. The complaint was dismissed at the close of plaintiff's evidence on the issues of negligence. Order granting defendant's motion to dismiss the complaint at the end of plaintiff's case, and the judgment entered thereon, unanimously affirmed, with costs. No opinion. Present — Johnston, Acting P. J., Adel, Nolan, Sneed and Wenzel, JJ.

Benjamin Nields, III, Respondent, v. C. Russell Lea, Appellant. — Action to recover damages for libel. Order denying motion of defendant to vacate notice of examination of defendant before trial reversed on the law, with $10 costs and disbursements, and the motion granted, with $10 costs. Under the undisputed circumstances presented, no proof of the alleged information reported by defendant to the United States Navy can be received in evidence, from any source, in the public interest, without governmental permission. (*Worthington* v. *Scribner*, 109 Mass. 487; *Vogel* v. *Gruaz*, 110 U. S. 311; *Matter of Quarles & Butler*, 158 U. S. 532, 535, 536; *Gray* v. *Pentland*, 2 Serg. & Raw. [Pa.] 23; *Lewis* v. *Roux Trucking Corp.*, 222 App. Div. 204.) Carswell, Acting P. J., Johnston, Adel, Nolan and Sneed, JJ., concur. [191 Misc. 970.] [See *post*, p. 943.]