In the Matter of G. RUSSELL CLARK, as Superintendent of Banks of the State of New York, Petitioner, against JOHN L. FLYNN, a Justice of the Supreme Court of the State of New York, et al., Respondents.

First Department, November 19, 1959.

*Irving Galt* and *Herbert J. Wallenstein* of counsel (*Louis J. Lefkowitz, Attorney-General,* attorney), for petitioner.

*Hays, Sklar & Herzberg* (*Ben Herzberg* and *Alvin H. Schulman* of counsel), for John J. Reynolds and another, respondents.

*Boris S. Berkovitch* of counsel for New York State Banking Department.

VALENTE, J. The Superintendent of Banks of the State of New York applies for an order in the nature of prohibition under article 78 of the Civil Practice Act, directed to a Justice of the Supreme Court and to parties in a litigation pending in that court prohibiting the receipt in evidence upon a trial of that action, of a communication written by the Banking Department on October 19, 1954 to American Trust Company, a defendant therein. Relief in this court was sought only after the Justice of the Supreme Court, to whom the case had been assigned for trial, had indicated at a preliminary hearing—with commendable frankness in order to enable the parties to seek a solution to their problem rather than deferring a ruling until the document was actually offered at the trial—that he would not exclude and suppress the communication as privileged and confidential but would entertain favorably an application for its admission into evidence.

The Appellate Division may in its discretion restrain the Supreme Court or a lower court which is exceeding its powers in a case over which it has jurisdiction. (*Matter of Culver Contr. Corp.* v. *Humphrey,* 268 N. Y. 26, 39; *Matter of Hogan* v. *Court of General Sessions,* 296 N. Y. 1.) The remedy, however, is an extraordinary one and will not generally be used when redress can be obtained by some other appropriate means.

We have concluded that an order in the nature of prohibition is the only adequate and effective remedy in the circumstances

of this case and that the facts warrant the exercise of our discretion in granting the relief.

The problem before us stems from the provisions of subdivision 10 of section 36 of the Banking Law which prescribes that all reports of examinations and investigations of the Banking Department "shall be confidential communications, shall not be subject to subpoena and shall not be made public unless, in the judgment of the superintendent, the ends of justice and the public advantage will be subserved by the publication thereof ".

There should be no question but that the letter of October 19, 1954 addressed by the Banking Department to the American Trust Company was in the nature of a report of the department's continuing examination and investigation into the affairs of that bank. The letter refers to an accompanying report and is in the nature of a synopsis of the recommendations flowing from that report. Only a semantic distinction would place the two documents into separate categories. As such, it lay within the discretion of the Superintendent of Banks to determine whether publication of that communication by introduction in evidence or otherwise would subserve the public advantage and the ends of justice. When the attorneys for the plaintiffs in the action to be tried, applied for authorization to introduce the letter or the contents thereof in the action, the Superintendent refused such permission. That determination was not arbitrary or capricious.* It had a reasonable basis in the concern of the Banking Department in maintaining public confidence in banks and the freedom which the department should operate in making frank and forceful criticism of the conduct of the affairs of banking institutions. The confidential nature of such criticisms, enjoined by the Legislature in subdivision 10 of section 36 of the Banking Law, was sustained by the Superintendent in the instant case since public advantage would not be served by their release. There was thus a valid and reasonable claim of privilege.

The statutory priviledge of public officials against disclosure of confidential communications, made in the performance of their duties, where the public interest requires that the information should not be divulged, has been sustained by the courts. (See *Touhy* v. *Ragen,* 340 U. S. 462; *Boske* v. *Comingore,* 177 U. S. 459; *Matter of Bakers Mut. Ins. Co. [Dept. of Health],* 301 N. Y. 21, 27.) (For a discussion of the problem see 41 Cornell L. Q. 737–749.)

---

* Judicial control over the evidence in a case cannot be abdicated to the caprice of executive officers. (*United States* v. *Reynolds,* 345 U. S. 1, 9–10.)

Having concluded that a valid claim of statutory privilege was established, there remains only the question of the appropriateness of the remedy. It is urged in opposition to the petition that the American Trust Company, upon whom a subpœna was served could move before the Trial Justice to quash the subpœna and on that application the petitioner could be heard as *amicus curiæ*; or that petitioner could intervene for a limited purpose in the action to move to quash the subpœna or suppress the proffered evidence. It is also suggested that some special proceeding could have been commenced at Special Term for suppression of the evidence. However, the unusual situation presented here is that the Justice who is to try the suit has already made a ruling even though informal in character. Any application to another Justice of the same court to obtain a contrary determination would be unsuccessful in view of the constraints of comity not to review the conclusions of an Associate Justice of the same court. (See *Mount Siani Hosp.* v. *Davis,* 8 A D 2d 361; *Steinberg* v. *Altschuler,* 9 A D 2d 211.) As a consequence an appeal to this court would be inevitable. In view of the fact that a trial was imminent (in fact since the application was made the trial has actually begun), the Superintendent of Banks was left no alternative but to proceed by prohibition.

Ordinarily, a court should not be restrained in making a ruling in a case where there is jurisdiction to rule, even though such ruling might be erroneous. Thus, in granting the writ applied for, we are not prohibiting the court from making the ruling; for it appears, as we have pointed out earlier, that a ruling has already been made. But believing the conclusion of the Justice to be erroneous we should give effect to the mandate of subdivision 10 of section 36 of the Banking Law that a report coming within its provisions " shall not be made public ". While it might have been desirable for the issue to have been raised in a different manner, the circumstances do not allow for a determination by any alternative procedure except if the trial be stayed. Since the problem is before us and all interested parties were given a full opportunity to be heard, it would serve no useful purpose to stay the trial to permit the exploration of other procedures.

The circumstances of this case have therefore restricted the Superintendent of Banks in the search of a remedy. An order of prohibition appears to be the only effective and appropriate method to vindicate the privilege against disclosure of the evidence in this case.

The application should be granted.

McNALLY, J. (dissenting). I dissent and vote for the dismissal of the petition.

On this application for an order in the nature of prohibition under article 78 of the Civil Practice Act, the question presented is the scope of subdivision 10 of section 36 of the Banking Law, which provides as follows: "All reports of examinations and investigations, including any duly authenticated copy or copies thereof in the possession of any banking organization, foreign banking corporation, licensed lender, licensed casher of checks, or the savings and loan bank of the state of New York, shall be confidential communications, shall not be subject to subpœna and shall not be made public unless, in the judgment of the superintendent, the ends of justice and the public advantage will be subserved by the publication thereof, in which event he may publish a copy of any such report or any part thereof in such manner as he may deem proper."

An action is pending in the Supreme Court, New York County, by John J. Reynolds and John P. McGrath, plaintiffs, against Judith Snow and Ellen Schwamm as administrators of the estate of Lillian Ruth Schwamm, deceased, and of the estate of Harvey L. Schwamm, deceased, and American Trust Company, to establish a trust in regard to certain shares of stock of American Trust Company.

On October 19, 1954 the then special deputy of the Banking Department of the State of New York addressed a communication to American Trust Company containing certain observations and recommendations in the light of conditions existing at the close of its business on June 18, 1954. The said communication states, in part: "A copy of the report of examination of your institution as of the close of business June 18, 1954, is being sent with this letter." Its closing paragraph characterizes the communication as follows: "This is an official communication within the meaning of Section 11, subdivision 4 of the Banking Law."

It appears that the plaintiffs in said action propose to introduce in evidence the said letter of October 19, 1954 or its contents. The materiality and relevancy of the said letter and the facts therein are not in issue and on this application must be assumed.

On November 5, 1959 an oral application was made before the Trial Justice in said action in behalf of the petitioner herein for the exclusion of the letter of October 19, 1954 on the ground that it is a confidential communication within the meaning and intent of subdivision 10 of section 36 of the Banking Law, and on the further ground that the consent to publication thereof

was not obtained from the Superintendent of Banks as thereby required.

The extraordinary writ of prohibition may issue to restrain a lower court acting without or in excess of its powers. (*Matter of Culver Contr. Corp.* v. *Humphrey,* 268 N. Y. 26; *Matter of Hogan* v. *Court of General Sessions,* 296 N. Y. 1.) However, the extraordinary remedy should be reserved ''for really extraordinary causes ''. (*Matter of Fahey,* 332 U. S. 258, 260.) Here it appears that the communication sought to be excluded has, in fact, been published; that it was annexed as an exhibit to the complaint and filed in a prior action by the plaintiffs herein grounded on the very agreement which is the basis of the pending action, and that its contents are a matter of common knowledge in the banking community. How the nebulous additional publicity incident to the introduction of the communication in evidence on the trial of the pending case will adversely affect the public does not appear; that the ends of justice will not be subserved by its exclusion is evident.

We are concerned with a statute which makes confidential reports of examinations and investigations and excludes them from the scope of subpœna. The nonjudicial power of the Superintendent of Banks to make unavailable in a judicial proceeding relevant and material evidence should not be implied. Subdivision 4 of section 11 of the Banking Law defines an official communication and states the effect thereof; it does not provide that such a communication shall not be subject to subpœna. On the other hand, in respect of reports of examinations and investigations and duly authenticated copy or copies thereof, subdivision 10 of section 36 of the Banking Law provides they shall be confidential communications and shall not be subject to subpœna.

It is quite clear that the letter of October 19, 1954 is not a '' report of examination '' because it expressly recites that such a report accompanies the said letter. Moreover, the closing paragraph thereof aptly describes the said letter as '' an official communication ''. If it was the purpose and intent of the Banking Department to make confidential and not to subject to subpœna the comments and observations contained in said letter, he would have set them out in the report of examination, thereby bringing them within the scope of subdivision 10. We may not enlarge by implication and under the guise of statutory interpretation the confidential communications or the immunity against subpœna which the Legislature saw fit to limit and confine to reports of examinations and investigations.

The jurisdiction to issue the writ here sought is no doubt present. It should, however, be reserved for extraordinary causes. (*Bank Line* v. *United States,* 163 F. 2d 133.) Apart from establishing and vindicating the bare statutory power of the petitioner, no public interest is subserved, and the ends of justice may be defeated by the granting of this application.

BREITEL J. P., RABIN and M. M. FRANK, JJ., concur with VALENTE, J.; McNALLY, J., dissents in opinion.

Application for a writ of prohibition granted, without costs. Settle order.