OPINION OF THE COURT
Pam B. Jackman-Brown, J.
The respondent is a public assistance recipient receiving shelter allowance from the Department of Social Services (hereinafter DSS). The respondent and DSS jointly pay the rent for the subject apartment. In 1996, the respondent stopped paying her portion due to the bad conditions in her apartment dating back to 1995. There are “B” and “C” violations in the subject building and apartment as reported by the Department of Housing Preservation and Development (hereinafter DHPD). The violations include inadequate hot water, leaky roof, defective kitchen floor, defective electrical outlet, mice, rat and roach infestation, broken tub and sink in bathroom, defective intercom system, broken bathroom tiles, defective fire escape, peeling lead paint throughout and a broken refrigerator. DSS has continued payment of rent to the petitioner.
This nonpayment proceeding was commenced against the respondent for rents due from January 1998 through May 1998. The petitioner used the DSS payments to credit the arrears prior to January 1998. The respondent has interposed, as a defense, Social Services Law § 143-b, commonly referred to as the Spiegel Law defense and now moves to dismiss the case with prejudice. In support of the motion, the respondent has attached, inter alia, a copy of the DHPD printout of the violations, a letter from the Commissioner of DHPD to the Human Resource Administration (hereinafter HRA) informing the agency of the violations against multiple dwellings in New York City, a letter from DHPD to the Administrative Judge of the New York City Civil Court that DHPD notifies HRA of *335 violations against multiple dwellings in New York City pursuant to the Spiegel Law, and a memorandum from the Administrative Judge to the Civil Court and Housing Court Judges informing them that, pursuant to the Spiegel Law, DHPD notifies HRA of violations against multiple dwellings in New York City via electronic transfer of the violation database. The petitioner avers that the letters and memorandum are hearsay and cannot be used in support of the motion to dismiss.
Computer printouts are admissible as business records if the data was stored in the normal course of business. (Prince, Richardson on Evidence § 8-304 [Farrell 11th ed].) Reproduction of the original is admissible when it satisfactorily identifies the original. (CPLR 4539.) The printout is produced in the normal course of DHPD business through its electronic database when a violation is issued against a building in New York City. It provides the basis for constructive notice of violations against a building in New York City and, specifically, against this subject building and apartment dating back to 1995. The DHPD printout satisfies the business record exception to the hearsay rule and may be used to support the motion to dismiss. The best evidence rule is also satisfied because the original copy of the printout was produced in court to compare with the copies attached to the motion.
The petitioner argues that the letters and memorandum are double hearsay and cannot be used to support the motion. This court may take judicial notice of these documents which provide knowledge of the procedures used by DHPD to notify HRA of the violations against the building in New York City pursuant to the Spiegel Law defense under the new legislation. (See, Scherer, Residential Landlord-Tenant Law in New York § 12:123 [1997].) These documents are not accepted by this court to establish that notice was in fact provided. (Cf., Milchman v Rivera, 39 Misc 2d 347 [1963], appeal dismissed 13 NY2d 1123.) The printout serves that purpose. The petitioner acknowledges that the building and, in fact, the respondent’s apartment have violations.
The petitioner submits that the database printout lists a different address and is therefore not applicable to the subject premises. The court disagrees. The petitioner has five buildings in the same complex using different addresses. The DHPD database printout lists the buildings with one address and one multiple dwelling registration number. The multiple dwelling registration number used in the database printout is the same number used by the petitioner to commence this proceeding.
*336 The core of the petitioner’s argument is that the Spiegel Law defense is not applicable to this respondent since DSS has continued to make payments of the shelter allowance. The respondent stopped paying her portion of rent. Use of the Spiegel Law defense has escalated since the enactment of the new legislation and amendment of the “Rent Deposit” section under RPAPL 745. Scherer (op. cit., § 12:124) states that the “Spiegel Law operates as a complete defense to a nonpayment eviction proceeding until repairs are done” (emphasis added). Tenants on public assistance may withhold rents for violations that are dangerous, hazardous or detrimental to life or health. (Matter of Schaeffer v Montes, 37 Misc 2d 722 [Civ Ct, Bronx County 1962].) The statute is clear and unambiguous. Neither the statute nor the relevant cases provide that the defense can only be utilized by DSS. Nor does it appear that the Spiegel Law defense applies only to claims for the DSS portion of payment. The entire proceeding (whether or not DSS has stopped payment) is stayed. The statute is devoid of language prohibiting recipients from interposing this defense if DSS continues to make payment. Had the Legislature intended to apply the Spiegel Law defense only to the DSS portion of the rent, it would not have used inclusive language such as a valid defense to all welfare recipients for nonpayment proceedings if there are violations in a building and not necessarily in the apartment. (See, Schaeffer v Montes, supra, at 729; Scherer, op. cit., § 12:125 [1997]; Social Services Law § 143-b [5] [a].) This court does not envision a situation of a summary proceeding brought by a landlord for the DSS portion of the rent without including the tenant’s portion. Nor does this court find that the Legislature intended to apportion a summary proceeding when the defense is invoked and only stay that portion of the proceeding relating to DSS payments.
The respondent argues that invoking the Spiegel Law defense requires dismissal of the proceeding with prejudice since the petitioner seeks to obtain a money and possessory judgment. In the alternative, the respondent urges that in the interest of judicial economy the case should be dismissed. The court disagrees. When the Spiegel Law defense is invoked, all summary proceedings for nonpayment of rent are stayed until all the violations are actually corrected. (Social Services Law § 143-b [5] [b].) There is nothing in the statue or case law mandating dismissal with prejudice. Whether the petitioner may be granted a money or possessory judgment is an issue to be determined at trial after the violations are corrected. The *337 cases relied upon by both the respondent and the petitioner state that the Spiegel Law stays all proceedings until violations are corrected. The violations in the respondent’s apartment are dangerous, hazardous and detrimental to life and health and provide a basis to withhold the rent. (Schaeffer v Montes, supra, at 730.) However, the petitioner claims some repairs have been corrected. There are still some uncorrected “B” and “C” violations in the apartment and the building. Whether or not the petitioner may be able to obtain a judgment is an issue to be determined at trial.
The court finds it troubling that DSS has continued to make payments given the notice from DHPD to HRA of the extensive dangerous, hazardous and detrimental violations in this building and apartment.
Upon the aforementioned, the court finds that the Spiegel Law is applicable to both DSS’s and respondent’s portion of rent. Accordingly, this proceeding is stayed until the violations are corrected.
The respondent’s motion is granted to the extent that the proceeding is stayed until the petitioner furnishes to the court satisfactory proof that all the violations have been corrected.