OPINION OF THE COURT
Lucy Billings, J.
I. Background
In this action, plaintiff seeks to recover for advertisements it placed in telephone directory yellow pages, based on a contract with defendant and statements of account mailed to defendant. The complaint alleges that “plaintiff and defendant entered into written contracts signed by both parties to place defendant’s advertisements in the following editions of the yellow pages telephone books at the following rates.” (Complaint 5.) No contract is attached to the complaint. Defendant in its answer “denies entering into a written contract with plaintiff, or authorizing plaintiff to place any advertisements on defendant’s behalf.” (Answer 5.)
*865 At trial, plaintiffs only witness was Jean Jones, a Bell Atlantic employee responsible for collections. Through her, plaintiff offered a facsimile of a copy of a microfilm of the original alleged contract between the parties. She identified the copy as an accurate reproduction of the microfilm, except that the copy bore information on the edge indicating the copy had been transmitted by facsimile.
The witness had no personal knowledge of the original contract, however, and therefore could not testify that the microfilm reproduced the entire original contract or that the contract was unaltered before reproduction. She could not identify the signature on the copy offered in evidence. She testified that plaintiffs regular practice was to destroy the original after being microfilmed within a week of signing, but she had no personal knowledge of plaintiffs regular business practices regarding the maintenance, microfilming, or destruction of plaintiffs original contracts. Nor did she have any knowledge of the destruction or loss of the contract in question.
Defendant denied that anyone authorized to act on its behalf had signed the contract, disputed the existence and contents of the original and the authenticity of any copy, and objected to the admission of the copy. For the reasons discussed below, the court sustained the objection based on the best evidence rule and CPLR 4539 and granted plaintiff an adjournment to produce any witnesses with personal knowledge of the original contract, the microfilming process, or the circumstances of the original contract’s destruction or loss. When plaintiff failed to produce any further witness on the next trial date, the court dismissed plaintiffs contract claim.
II. The Required Proof
CCA 1102 (b) provides that “A signature to a written instrument which is pleaded shall be deemed genuine unless the other party, in his responsive pleading, specifically denies its genuineness and makes demand that it be proved.” Preliminarily, plaintiff urged that defendant had waived any objection to the genuineness of the contract, because defendant in its answer had not specifically denied that the signature on the contract was defendant’s. Defendant’s denial that defendant “entered” into a written contract “signed by both parties” is as specific as necessary, given that the complaint neither alleges who signed the contract nor attaches the alleged contract showing the signatures. (Complaint 5; answer 5.)
In addition, after plaintiff was alerted at trial that defendant disputed the genuineness of the contract’s signature, the court *866 granted plaintiff an adjournment to rebut defendant’s claim. Finally, even if defendant’s signature to the contract was considered admitted by defendant, the document still had to be introduced into evidence to prove its terms. As the copy offered was inadmissible, that proof failed.
III. The Best Evidence Rule
Where the existence or contents of a document, which include any signatures it contains, are in dispute, the “best evidence rule” requires production of the original document, to protect against perjury, fraud, inaccuracies, or mistakes in copying. (Schozer v William Penn Life Ins. Co., 84 NY2d 639, 643-644 [1994]; Matter of Saxton, 176 Misc 2d 724, 727 [Sur Ct, Broome County 1998].) Secondary evidence, including a copy, of an unproduced original may be admitted upon the trial court’s threshold finding that the proponent of the secondary evidence has satisfactorily explained the unavailability of the original document. (Schozer v William Penn Life Ins. Co., 84 NY2d, at 644; Chamberlain v Amato, 259 AD2d 1048, 1049 [4th Dept 1999]; Matter of Saxton, 176 Misc 2d, at 726-727.)
Plaintiff made no attempt to explain plaintiff’s practice of destroying original contracts within a week after they are executed, before they are paid or performed. Plaintiff failed to produce a witness with any knowledge of the contents of the original contract or the circumstances of its destruction. The need to prove contracts like the one in question in order to collect payments claimed under them surely is foreseeable. The contract is critical to proof of the claim. For that very reason, the court must adhere all the more strictly to the requirement of an evidentiary foundation, establishing and explaining the destruction of the original evidence, before admitting a copy. (Schozer v William Penn Life Ins. Co., 84 NY2d, supra, at 644.)
The court may only deduce, from the other evidence of this particular collection, that plaintiff made the microfilm to preserve the document’s contents and to facilitate further reproduction through computerized imaging processes. This inference may explain why the microfilm was made, but not why the original was destroyed, as this type of contract is not voluminous or remarkably burdensome to store.
On the other hand, the evidence did not suggest that plaintiff destroyed the original contract in bad faith or with any improper motive. (Supra.) Assuming, however, that the absence of the original document is excused by the explanation inferred above, plaintiff still failed to establish that the evidence of *867 fered, a facsimile of a copy of a microfilm of the original contract, was sufficiently reliable to justify its admission.
Inherent in the assumed explanation for the contract’s destruction and replacement by a microfilm is the assumption that the microfilming produced an accurate copy. Nevertheless, without foundation evidence, at minimum, of plaintiffs practices to preserve and reproduce original contracts, unaltered and in their entirety, before their destruction, plaintiff has not established that the copy offered is an unaltered and complete reproduction of the original contract in question.
IV. CPLR 4539
CPLR 4539 creates an exception to the best evidence rule in recognition that (1) photographic reproductions are sufficiently trustworthy to render the copy presumptively accurate, and (2) reproduction of documents and reliance on the reproductions are part of the regular course of many businesses. The methods of reproduction recognized under the rule include “any process which stores an image” and permits detection of alterations or deletions. (CPLR 4539 [b].)
Although this statute may obviate the need to establish that a reproduction offered in evidence was compared to the original and found accurate, the exhibit still must be identified as a copy of the original or the product of an accurate copying process. (CPLR 4539; People v May, 162 AD2d 977, 978 [4th Dept 1990].) The witness here could not identify the exhibit as either a copy of the original, complete and unaltered, or a product of plaintiffs regular business practice to preserve and reproduce complete and unaltered contracts. Either of these alternatives establishes a basis for finding the document reliable.
These safeguards are aimed at the same dangers, such as fraud or inaccuracy, as the best evidence rule itself. (Schozer v William Penn Life Ins. Co., 84 NY2d, supra, at 646.) Once one of these alternative foundations is laid, the reproduction may be treated as the original under the best evidence rule. (Supra, at 644-645, 647; People v Roach, 226 AD2d 55, 60 [4th Dept 1996]; People v Flores, 138 AD2d 512, 513 [2d Dept 1988]; Prince, Richardson on Evidence § 10-110 [Farrell 11th ed 1995].)
A copy is admissible upon testimony that the copy is in fact “a reliable and accurate portrayal of the original.” (Schozer v William Penn Life Ins. Co., 84 NY2d, 639, 645, supra; see CPLR 4539 [a]; Schozer v William Penn Life Ins. Co., 84 NY2d, at *868 647; Chamberlain v Amato, 259 AD2d 1048, 1049, supra; People v Sims, 257 AD2d 582 [2d Dept 1999]; Matter of Saxton, 176 Misc 2d 724, 727-728, supra.) This foundation may be laid based on knowledge of the original. (Schozer v William Penn Life Ins. Co., 84 NY2d, at 646; Crystal Apts. Group v Hubbard, 178 Misc 2d 333, 335 [Civ Ct, Queens County 1998].) Here, the witness was not qualified to testify that the copy accurately reflected the original because she had no personal knowledge of the contents of the original. (Matter of Saxton, 176 Misc 2d, at 727-728.)
She could testify only that the copy was an accurate reproduction of another copy, the microfilm. The exhibit offered through her, “an enlargement or facsimile” of the microfilm image, is only admissible if the original reproduction, the microfilm, “is in existence and available for inspection.” (CPLR 4539 [a].) Here the microfilm existed, but plaintiff refused to produce it for inspection.
As the results of standard photographic processes are presumptively better evidence of the originals than any witness’ recollection, plaintiff had an alternative route to admission of the document. The proponent of a copy may establish that it was made “in the regular course of business” (ibid.), by a reliable reproduction process. (Schozer v William Penn Life Ins. Co., 84 NY2d, supra, at 644-645; Anametrics Servs. v Clifford A. Botway, Inc., 159 AD2d 247 [1st Dept 1990].) The witness must be qualified to testify not only as to the nature of the business, but also as to the circumstances of the actual copying: (1) the original document was copied in the regular course of business, and (2) the original was copied as found, completely and without alteration. (People v Lynch, 209 AD2d 827 [3d Dept 1994].)
Here the witness could testify as to the nature of plaintiffs business and that it microfilmed contracts in the regular course of the business, but she had no knowledge that the contract in question actually was copied in the regular course of business. (See, People v Michallow, 201 AD2d 915, 917 [4th Dept 1994].) Nor did she have any knowledge of the reproduction process, to testify that it did “not permit additions, deletions, or changes,” or that “tampering or degradation of the reproduction” was prevented. (CPLR 4539 [b].)
Without evidence of the accuracy of either the reproduction itself or the reproduction procedure, in addition to an explanation for the absence of the original contract, the copy of the contract is inadmissible, and plaintiffs proof of a claim based on contract failed.
*869 V. Conclusion
Therefore the court finds plaintiff has not sustained its burden of proof on the complaint’s contract claim, awards a judgment in favor of defendant and against plaintiff, and dismisses the complaint.