2013 COA 138

Annette BERENSON, Plaintiff-Appellant,

v.

USA HOCKEY, INC., a District of Columbia non-profit corporation; and Colorado Ice Hockey Referees Association, a Colorado non-profit unincorporated association, Defendants-Appellees.

Court of Appeals No. 12CA1013

Colorado Court of Appeals,
Div. III.

Announced October 10, 2013

Rehearing Denied Nov. 7, 2013 *

Miller & Law, P.C., James F. Scherer, Littleton, Colorado, for Plaintiff–Appellant

White and Steele, PC, John M. Lebsack, John P. Craver, Denver, Colorado, for Defendants–Appellees

* Dailey, J., would grant.

Opinion by JUDGE FURMAN

¶ 1 Annette Berenson appeals the summary judgment in favor of USA Hockey, Inc., and Colorado Ice Hockey Referees Association (collectively, USA Hockey). We affirm.

¶ 2 Berenson's appeal requires us to answer a question of emerging relevance in modern contract law: what type of evidence is required to prove that an individual has executed an exculpatory agreement during an online registration process? To answer this question, we analyze Colorado's best evidence rule, CRE 1002. We conclude that, in this case, the best evidence rule does not require production of a copy of the electronically executed agreement to the exclusion of all other proof of agreement to its terms.

¶ 3 Berenson, an amateur hockey player, played in an amateur hockey league for several years. Before she could play, the league required her to annually complete the standard player registration on the USA Hockey website. To complete the registration on the website, she had to insert initials on the webpage with a liability waiver and release, signifying her agreement to the terms.

¶ 4 Berenson specifically remembers "giving [USA Hockey] a credit card number and them giving me a USA Hockey registration number, and of course, you know, the disclaimers and whatever else is written on the website."

¶ 5 Berenson sustained injuries during a USA Hockey-sponsored game. She sued, seeking to hold USA Hockey liable for her injuries.

¶ 6 USA Hockey filed a motion for summary judgment, arguing the terms of the liability waiver and release, to which Berenson agreed when she registered on the USA Hockey website, released it from liability. In response, Berenson argued USA Hockey had not shown that she had executed the waiver and release. While she did not dispute that she completed the online registration process the year she was injured, she attached an excerpt of her deposition where she testified that she could not "remember" if she had specifically agreed to the terms of the waiver and release.

¶ 7 In reply, USA Hockey submitted an affidavit from one of its employees who stated that Berenson could not have completed the online registration process without executing the page with the waiver and release. The employee also confirmed that Berenson completed the online registration the year she was injured.

¶ 8 Relying on the employee's affidavit, the district court granted USA Hockey's motion for summary judgment, concluding it was undisputed that Berenson could not have completed the online registration without expressly agreeing to the waiver and release contained therein and, thus, no issue of material fact existed as to whether she had executed an exculpatory agreement with USA Hockey.

¶ 9 On appeal, Berenson argues that under CRE 1002, the facts stated in the employee's affidavit were inadmissible as a matter of law and should not have been considered by the court.

I.   Standard of Review

¶ 10 Generally, we review a district court's decision to admit evidence for an abuse of discretion. *See People v. Welsh,* 80 P.3d 296, 303–04 (Colo.2003). A district court's misapplication of the law may constitute an abuse of discretion. (*Freedom Colo. Info., Inc. v. El Paso Cnty. Sherriff's Dep't,* 196 P.3d 892, 899 (Colo.2008)).

¶ 11 Whether the district court misapplied the best evidence rule is a question of law that we review de novo. *See, e.g., People v. Reed,* 216 P.3d 55, 56–57 (Colo.App.2008)(appellate courts review questions involving interpretation of the rules of evidence de novo). The answer to this question informs our review of the court's grant of summary judgment.

¶ 12 Appellate review of summary judgment is also de novo. *Aspen Wilderness Workshop, Inc. v. Colo. Water Conservation Bd.,* 901 P.2d 1251, 1256 (Colo.1995); *Struble v. Am. Family Ins. Co.,* 172 P.3d 950, 954 (Colo.App.2007).

¶ 13 Summary judgment is appropriate only when the pleadings, affidavits, deposi-

tions, answers to interrogatories, or admissions show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *Cont'l Air Lines, Inc. v. Keenan*, 731 P.2d 708, 712 (Colo.1987). A material fact is one that may affect the outcome of the case. *Struble*, 172 P.3d at 955.

## II. The Best Evidence Rule

■ ¶ 14 Berenson contends that a material fact existed as to whether she executed the waiver and release because, under the best evidence rule, the only admissible evidence showing she had done so was a printout of the electronically executed release, which was never produced. We disagree.

■ ¶ 15 Codified in CRE 1002, Colorado's best evidence rule provides that "[t] o prove the content of a writing ... the original writing ... is required...." The rule's preference for the original, however, is limited to those cases where the content of a writing—or the writing's actual terms—is directly in issue. *See Banks v. People*, 696 P.2d 293, 297 (Colo.1985). Because most scholars agree that the primary purposes of the rule are "to prevent error and to guard against fraud in the ascertainment of content," 5 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 10:17 (3d ed. 2007), the rule's focus on content makes sense. "When a writing ... is offered 'in order to prove its content,' it is apparent that the danger of mistransmission of that content is significant." 2 Kenneth S. Broun, *McCormick on Evidence* § 234 (7th ed.2013).

■ ¶ 16 For these reasons, the best evidence rule does not prohibit a witness from testifying to a fact of which that witness has personal knowledge merely because a written record was also made. *See* Fed. R.Evid. 1002 advisory comm. notes (Fed. R.Evid. 1002 is substantially similar to CRE 1002). If, however, the fact is contained in a written record and a witness tries to prove the fact by stating what he or she read in the written record, the rule applies, and the written record must be produced. *See id.*

¶ 17 We mention the best evidence rule's restrictions on a witness's testimony because, as noted, USA Hockey offered an affidavit from a witness stating what the registration process required a hockey player to do to register online. But, because USA Hockey did not seek to prove the fact that Berenson executed the waiver and release by stating what this employee read in Berenson's contract, there was no danger of mistransmission of its content, and admission of the employee's affidavit did not run afoul of CRE 1002. Thus, the district court properly considered the employee's affidavit in ruling on USA Hockey's motion for summary judgment.

¶ 18 The employee's affidavit, which was based on the employee's personal knowledge of the USA Hockey website's registration process, explained the following: (1) to complete the online registration process, players had to insert initials on the page with a liability waiver and release, signifying agreement to the terms; (2) during the year Berenson was injured, she completed the registration process; and (3) therefore, for the year Berenson was injured, she must have agreed to the terms of the waiver and release. We agree with the district court that this affidavit shows no issue of material fact existed as to whether Berenson had executed an exculpatory agreement with USA Hockey.

¶ 19 Nevertheless, Berenson contends the initials she entered on the waiver and release webpage are just as much terms or contents of the waiver and release as are its substantive provisions; however, it was undisputed that Berenson could have entered any initial on the webpage, the terms of the contract were not in dispute, and this was not a case involving alleged fraud. Thus, the fact that she executed the waiver and release could have been shown, not just by providing the court with a printed copy of the waiver and release, but also by the witness's testimony that the only way to successfully complete the online registration process involved entering some initials on the waiver and release webpage.

¶ 20 The judgment is affirmed.

JUDGE BOORAS concurs.

JUDGE DAILEY dissents.

**JUDGE DAILEY, dissenting.**

¶ 21 I respectfully dissent from the majority's opinion.

¶ 22 As the party moving for summary judgment, USA Hockey had the burden of establishing the lack of a genuine issue of material fact through the use of sworn affidavits and other materials setting forth such facts as would be admissible in evidence. *See* C.R.C.P. 56(e) (affidavits shall refer to personal knowledge and set forth admissible evidence).

¶ 23 CRE 1002, 1003, and 1004 comprise Colorado's best evidence rules. Under those rules, to prove the contents of a writing,

- the original or a duplicate is required, *see* CRE 1002, 1003,
- except in limited circumstances when secondary evidence would be admissible, *see* CRE 1004.

¶ 24 Citing an Advisory Committee comment to a parallel set of federal rules, the majority suggests that the best evidence rules apply only when a witness tries to prove a fact by stating what he or she read in a written record. Neither the comment nor the other authorities support such a limitation on the application of the best evidence rules.

¶ 25 In determining the applicability of the best evidence rules, the critical inquiry is whether a party is trying to prove the contents (or terms) of a writing or whether it is merely trying to prove a fact about a writing:

> [T]he [best evidence] rule applies only to the terms of the document, and not to any other facts about the document. In other words, the rule applies to exclude testimony designed to establish the terms of the document, and [ordinarily] requires the document's production instead, but does not apply to exclude testimony which concerns the document without aiming to establish its terms."

4 John Henry Wigmore, *Evidence in Trials at Common Law* § 1242, at 574 (Chadbourn rev.1972); *see* 6 Joseph M. McLaughlin, *Weinstein's Federal Evidence* § 1002.05[1], at 1002–15 (2d ed. 2013) (the best evidence rule applies "when a witness seeks to testify about the contents of a writing, recording or photograph without producing the physical item itself, particularly when the witness was not privy to the events described by those contents"); 31 Charles Alan Wright, et al., *Federal Practice and Procedure: Evidence* § 7184, at 380, 391 (1st ed. 2000) (the best evidence rules do not "apply to secondary evidence of a writing [or] recording ... that concerns some characteristic other than its contents," such as whether a writing existed, when a writing was mailed, whether it was received, and who signed it; "any witness with knowledge of facts that exist independent of the contents of a writing [or] recording ... may testify without raising an issue under [the best evidence rules]").[1]

¶ 26 The distinction between attempting to prove the contents of a writing and attempting to prove a fact about a writing is often difficult to draw:

> *Difficulty applying the [best evidence] rule commonly arises in situations such as this, where the party proffering the affidavit or testimony contends that it is not intended to "prove the content" of the document it discusses, but merely its "existence."* The Rules do not define the difference, but in practice "[t]estimony about a document cannot go very far without referring to its terms." The distinction requires careful consideration of the facts of each case to avoid descent into mere "logical subtlety and verbal quibbling."

*R.R. Mgmt. Co., v. CFS La. Midstream Co.*, 428 F.3d 214, 217 (5th Cir.2005) (emphasis added) (quoting 4 Wigmore, § 1242).

¶ 27 The issue in this case is whether, despite its protestations otherwise, USA Hockey is, in fact, trying to prove the contents of a writing. After all, because it did not produce (or explain why it did not produce) an original, duplicate, or screen print

---

1. *See also, e.g., Cooley v. Dir. of Revenue*, 896 S.W.2d 468, 470 (Mo.1995) (best evidence rules are inapplicable where "the fact to be proved ... exists independently of [a] writing," that is, where the proffered evidence is "based on personal knowledge"); *Commonwealth v. Harris*, 719 A.2d 1049, 1051 (Pa.Super.Ct.1998) (best evidence rules do not apply "[w]hen the contents of a document are not at issue and the matter to be proved exists independently of the writing").

out of Berenson's application, it behooves USA Hockey to say that it is not trying to prove the contents of that application.

¶ 28 But it is:

There are certain issues in legal disputes whose resolution, under the governing principles of substantive law, require knowledge of the exact contents of a writing [or] recording. . . . In these instances, the contents are relevant as facts of independent legal significance . . . and are within the best evidence rule. . . . The underlying transactions are viewed as written transactions, and writings embodying them, such as deeds, contracts, judgments etc., are *universally considered to be within the best evidence rule when the legal effect of the writing is actually at issue in the litigation.*

2 Kenneth S. Broun, *McCormick on Evidence* § 234, at 134 (7th ed.2013) (emphasis added); *see also* 7 Michael H. Graham, *Handbook of Federal Evidence* § 1002:1 at 1062–63 (7th ed. 2012) ("When a happening or transaction itself assumes the form of a writing, . . . as with a deed or a written contract, proof of the happening or transaction necessarily involves the contents of the writing . . . and calls for application of the Original Writing Rule."); McLaughlin, § 1002.04[1], at 1002–5 to –6 ("In general, production of the original of a writing . . . is required because the nature of these items is often such that 'exactness' is of more than average importance. Some transactions, such as wills, contracts and deeds, take the form of a writing as a matter of substantive law, and any attempt to prove their occurrence necessarily involves the contents of the writing and brings the best evidence rule into play. For example, when a contract is at issue even the slightest variation of words may have significant legal consequences.").

¶ 29 Here, the legal effect of Berenson's application—did it, or did it not, effect a waiver and release of liability?—is actually at issue in the litigation. According to USA Hockey's own evidence, a waiver and release is effected by initialing part of the registration application. It does not matter, apparently, what initials are used; but, some initials must be placed in the appropriate place on the application.

¶ 30 Whether Berenson effected a waiver and release on that application, then, depends on whether she provided initials on the appropriate place on the application. Those initials—if they were made—are just as much terms or contents of the waiver and release as are its substantive provisions. *See* Wright, § 7184, at 380 ("[T]he contents of a writing consist of the symbols inscribed upon it . . . ."); *see also* CRE 1001(1) (for the purposes of the best evidence rules, " '[w]ritings' and 'recordings' consist of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation").

¶ 31 Because the fact to be proven—Berenson's waiver and release of liability—did not exist independently of the contents of her application,[2] the contents of her application were at issue and had to be proven in conformance with the best evidence rules. Under those rules, USA Hockey was obligated to produce an original or a duplicate of Berenson's application, *unless* an exception existed under CRE 1004 which would allow secondary evidence of the application's contents.

¶ 32 USA Hockey did not produce a printout of the screen showing that Berenson somehow initialed the appropriate part of her application, as required by CRE 1002 and 1003. *See* CRE 1001(3) (defining "original" writing, for purposes of the best evidence rules, to include a computer printout).

¶ 33 Instead, USA Hockey tried to prove that Berenson waived and released its liability through secondary evidence, that is, by proof that registration supposedly cannot be completed without a person's having initialed the application in the appropriate place. I

---

2. In its opinion, the majority suggests otherwise when it states that the USA employee's affidavit was based on her personal knowledge. However, the USA employee's personal knowledge did not extend to the critical issue in this case, that is, whether Berenson initialed the application or not. The employee did not, after all, observe Berenson during the application process; nor did Berenson admit to the employee that she had so initialed the application.

say "supposedly" because computer malfunction or programming glitches are not so uncommon as to render inconceivable the possibility that Berenson may, for some reason, have bypassed part of the registration process and did not, in fact, initial (and thus, agree to) the substantive provisions of the waiver and release.

¶ 34 Under CRE 1004, secondary evidence "of the contents of a writing . . . is admissible" if (1) all originals have been lost or destroyed (unless lost or destroyed in bad faith by the proponent of the evidence); (2) an original is not obtainable "by any available judicial process or procedure"; (3) an original is "under the control" of the opposing party; or (4) the contents of the writing concern a collateral matter, that is, one "not closely related to a controlling issue."

¶ 35 Here, USA Hockey never asserted any of the grounds identified in CRE 1004 which would justify the use of secondary evidence to prove the contents of Berenson's application.

¶ 36 Thus, USA Hockey's use of secondary evidence without adequate justification to prove that Berenson effected a waiver and release of liability was a violation of our best evidence rules. *See Bell Atl. Yellow Pages v. Havana Rio Enters., Inc.*, 184 Misc.2d 863, 710 N.Y.S.2d 751, 754 (N.Y.Civ.Ct.2000) ("[w]here the existence or contents of a document, which includes any signatures it contains, are in dispute, the 'best evidence rule' requires production of the original document" or a satisfactory account of its absence).

¶ 37 Further, the court's use of this secondary evidence to indisputably establish a waiver and release on Berenson's part was more than simply a technical error. Berenson did not concede that she had executed a waiver and release; and, USA Hockey's inability to produce or explain the absence of a printout showing she initialed the form tended to show that she had not, in fact, done so. *Cf. Chnapkova v. Koh*, 985 F.2d 79, 81–82 (2d Cir.1993) (absence of entries of complaints regularly kept in medical records admissible to show that a patient had no complaints), *abrogated on other grounds in Jaffee v. Redmond*, 518 U.S. 1, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996); *Stack v. Wapner*, 244 Pa.Super. 278, 368 A.2d 292, 297 (Pa.Super.Ct.1976) (absence of any reference on medical chart that physicians were located in the room, when such information was customarily recorded, could suffice to overcome direct testimony by physicians that they were present).

¶ 38 For the reasons recounted above, I would vacate the summary judgment and remand the case for further proceedings.