■ In the Matter of the Estate of ARTHUR M. SACKLER, Deceased. GILLIAN T. SACKLER, Respondent; ELSE SACKLER, Appellant, et al., Respondent. [596 NYS2d 836] —In a proceeding pursuant to SCPA 1809 for judicial determination of the claim of Else Sackler, Executrix of the estate of Arthur M. Sackler, deceased, Else Sackler appeals from an order of the Surrogate's Court, Nassau County (Radigan, S.), entered March 8, 1991, which denied her motion for partial summary judgment on the validity of her claim predicated on a promissory note signed by the decedent and payable to her.

Ordered that the order is reversed, on the law, with costs payable by the estate, the motion for partial summary judgment on the issue of the promissory note is granted, and the matter is remitted to the Surrogate's Court, Nassau County, for entry of a decree in favor of Else Sackler in the principal sum of $2,127,551 plus interest at the rate of 8% per annum

from January 5, 1985, and for further proceedings consistent herewith.

"To obtain summary judgment it is necessary that the movant establish his [or her] cause of action or defense 'sufficiently to warrant the court as a matter of law in directing judgment' in his favor (CPLR 3212, subd [b]), and he [or she] must do so by tender of evidentiary proof in admissible form. On the other hand, to defeat a motion for summary judgment the opposing party must 'show facts sufficient to require a trial of any issue of fact' (CPLR 3212, subd [b]). Normally if the opponent is to succeed in defeating a summary judgment motion he [or she], too, must make his showing by producing evidentiary proof in admissible form" *(Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067; *see also, Zuckerman v City of New York,* 49 NY2d 557, 562).

Here, the appellant has demonstrated her entitlement to summary judgment in that she has presented a promissory note signed by the decedent. The petitioner contends, among other things, that an issue of fact exists as to whether the promissory note was delivered. However, the appellant's sworn affidavit states that her accountant, who was also the accountant of the decedent, showed her the promissory note, which had been executed by the decedent to cover certain sums borrowed against the appellant's share of profits in a company owned jointly by the decedent and the appellant. At the appellant's direction, the accountant placed the note in the appellant's file kept by the accountant, where it was discovered after the death of the decedent. This constitutes valid delivery *(see generally, Worth v Case,* 42 NY 362, 367). In her attempt to challenge the validity of the delivery, the petitioner offers only speculation and conclusory assertions, which are insufficient to defeat a motion for summary judgment *(see, Freedman v Chemical Constr. Corp.,* 43 NY2d 260, 264; *Spearmon v Times Sq. Stores Corp.,* 96 AD2d 552, 553). The petitioner's remaining contentions also do not raise a triable issue of fact. Accordingly, the appellant's motion for partial summary judgment is granted. Balletta, J. P., Eiber, Ritter and Santucci, JJ., concur.