■ In the Matter of RAYMOND LA RUE, Appellant, v RUBY L. CRANDALL, Respondent. [679 NYS2d 204] —Mikoll, J. Appeal from an order of the Family Court of Schenectady County (Reilly, Jr., J.) entered October 30, 1996, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for reasonable visitation with the parties' children.

The principal question on this appeal is whether Family Court erred in finding a material and substantial change in circumstances sufficient to deny petitioner any and all contact or visitation with his children.

The parties, whose relationship began when petitioner and respondent were ages 22 and 14, respectively, have two children: Bruce (born in 1984) and Danielle (born in 1988). They separated in 1988 and divorced several years later. The divorce decree incorporated a prior Family Court order providing for joint custody of the children, with physical custody to respondent and reasonable visitation to petitioner. Petitioner exercised regular visitation with the children until September

1993, when he was incarcerated on charges of, *inter alia*, rape and sodomy involving the 13-year-old daughter of his girlfriend. Both the child and her mother had conceived and given birth to petitioner's children. Petitioner subsequently pleaded guilty to one count of rape in the second degree and an unrelated count of grand larceny in the third degree in satisfaction of all pending charges. He received a combined prison term of 4 to 12 years, rendering him eligible for parole release in 2001.

Petitioner commenced this proceeding seeking visitation with his children. Respondent cross-petitioned for sole custody. Following a hearing, Family Court granted respondent sole custody and dismissed petitioner's application for visitation. Petitioner appeals.*

We affirm. We have recognized generally that visitation with a noncustodial parent is presumed to be in a child's best interest, and "the fact that a parent is incarcerated will not, by itself, render visitation inappropriate" (*Matter of Davis v Davis*, 232 AD2d 773; *see*, *Matter of Hadsell v Hadsell*, 249 AD2d 853, *lv denied* 92 NY2d 809). At the same time, however, we have held that where there is "substantial proof in the record that such visitation would be harmful to the child, the denial of a request for visitation will be justified" (*Matter of Hadsell v Hadsell*, *supra*). Contrary to petitioner's contentions, there is abundant evidence to support Family Court's determination that due to a material and substantial change in circumstances, modification of the prior orders of custody and visitation is warranted in the best interests of the children.

In describing the offense for which he was incarcerated, petitioner testified: "I had a relationship with a young girl and according to the law, she wasn't old enough to consent." As noted, this young girl gave birth to respondent's child at age 13; the record indicates that their sexual contact began at least two years prior thereto. Petitioner has had several psychiatric hospitalizations with diagnoses of depression and he made two suicide attempts while incarcerated. Mental health evaluations reflected a diagnosis of "adjustment disorder with depressed mood and a borderline personality disorder of an enduring nature". Respondent testified that among the reasons for their separation and ultimate divorce were petitioner's drug and alcohol abuse, physical violence and verbal abuse. Petitioner admitted in his testimony that he sent a letter to one of his children in an envelope on which he had drawn a picture of

---

* Although petitioner's notice of appeal recites that he appeals from each and every part of Family Court's order entered October 30, 1996, his arguments on appeal are limited to the denial of his petition for visitation.

two children standing on either side of a woman wielding daggers. The testimony further established that the children have expressed a clear desire to have no contact with petitioner. When respondent arranged for the children to visit their father on several occasions after his incarceration, they appeared nervous and uncomfortable, and subsequently stated that they did not wish to see him again. They refused respondent's offers to read letters petitioner had written to them, as well as the opportunity to write to him.

Petitioner also contends that Family Court committed reversible error by receiving into evidence a photocopy of a letter allegedly written by petitioner to respondent. Petitioner maintains that the best evidence rule required the exclusion of this document in view of respondent's testimony that she had the original letter at home but did not bring it to the hearing because she thought a copy would suffice. Family Court received the photocopy based upon respondent's testimony that except for the marking "Letter from Ray" which she had made thereon, it was a true and accurate copy of the original and that she recognized petitioner's distinctive handwriting from their years together. Moreover, it appears from the record that during cross-examination petitioner was shown the photocopy of the letter, admitted that he wrote it to respondent and acknowledged making the statements contained therein. Under these circumstances, we find no violation of the best evidence rule which requires production of an original writing "where its contents are in dispute and sought to be proven" (*Schozer v William Penn Life Ins. Co.*, 84 NY2d 639, 643). Even assuming, arguendo, that the best evidence rule applied, the secondary evidence was received upon threshold findings by Family Court that respondent sufficiently explained the absence of the original and attested that the copy was an accurate reflection thereof (*see, Schozer v William Penn Life Ins. Co., supra*, at 644-645). In any case, the document and its contents are but a scant portion of the evidence supporting Family Court's decision, which neither mentions the letter nor otherwise evinces any reliance thereon.

Cardona, P. J., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.