■ GEORGE W. CHAMBERLAIN, Appellant, v JOSEPH AMATO, Respondent. (Action No. 1.) GEORGE W. CHAMBERLAIN, Appellant, v JOSEPH AMATO et al., Respondents. (Action No. 2.) GEORGE W. CHAMBERLAIN, Appellant, v JOSEPH AMATO et al., Respondents. (Action No. 3.) [688 NYS2d 345] —Order and judgment unanimously reversed on the law with costs and new trial granted in accordance with the following Memorandum: Plaintiff appeals from an order and judgment, entered following a bench trial, dismissing the complaints to enforce a $150,000 promissory note made by Joseph Amato (defendant), to compel defendant to account for certain partnership assets, and to set aside, as fraudulent transfers, the conveyance by defendant of various parcels of real property to his wife, defendant Lois Amato.

Supreme Court erred in refusing to admit into evidence a

copy of the promissory note. The existence of the original writing and the authenticity and accuracy of the copy were not disputed. Defendant admitted the existence and essential terms of the note in his pleadings and testimony, and he and another witness identified defendant's writing and signature on the copy of the note. Under the circumstances, the best evidence rule does not apply (*see, Matter of La Rue v Crandall*, 254 AD2d 633; *see generally, Schozer v William Penn Life Ins. Co.*, 84 NY2d 639, 644-646; Prince, Richardson on Evidence § 10-101 *et seq.* [Farrell 11th ed]). In any event, plaintiff established that the copy was a true and accurate representation of the original, and he satisfactorily accounted for his inability to produce the original, thus establishing a foundation for the admission of the copy (*see, Matter of La Rue v Crandall, supra; Dependable Lists v Malek*, 98 AD2d 679, 680, *appeal dismissed* 62 NY2d 645; *see generally, Schozer v William Penn Life Ins. Co., supra*, at 644-646).

The court erred in dismissing the cause of action seeking to enforce the note. Defendant's making of the instrument and failure to make payment were all that plaintiff, as holder, was required to establish in order to recover on the note (*see*, UCC 3-301, 3-307 [2]; 3-413 [1]; *Faustini v Darth Provisions Co.*, 131 AD2d 809, 810; *Central Islip Coop. G. L. F. Serv. v Tsantes*, 17 AD2d 852). The burden of proof then shifted to defendant to establish a defense to his obligations on the note (*see*, UCC 3-307 [2]).

The court further erred in dismissing the cause of action seeking to compel defendant to account for partnership funds. Both parties testified that they purchased the Eagle Head Road property as partners with funds obtained through a mortgage given by defendant on his residence. Although the Eagle Head Road property belonged to the partnership, defendant took title in his own name. Defendant sold the Eagle Head Road property, but failed to inform plaintiff of the sale and failed to account for its proceeds. Defendant admitted that he diverted the net proceeds of $13,238.31 to his own use. Plaintiff thus sustained his burden of establishing his entitlement to an accounting (*see*, Partnership Law § 40 [1]; § 43 [1]; § 44 [3]; § 51 [1]; § 52; *Non-Linear Trading Co. v Braddis Assocs.*, 243 AD2d 107, 119; *Adam v Cutner & Rathkopf*, 238 AD2d 234, 241-242; *cf., Conroy v Cadillac Fairview Shopping Ctr. Props.*, 143 AD2d 726, 726-727).

Finally, the court erred in dismissing the causes of action alleging the fraudulent transfers of realty by defendant to his wife (*see*, Debtor and Creditor Law § 276; *Jensen v Jensen*, 256

AD2d 1162). Defendant admitted that the transfers were made to qualify him for Medicaid (*see, e.g.,* 42 USC § 1320a-7b; § 1396p). There is no basis for concluding that defendant meant only to hinder or defraud his prospective creditors and not his current creditors, including plaintiff, to whom defendant allegedly owed $150,000 that was the subject of litigation at the time of the transfers. Thus, plaintiff sustained his burden of establishing the actual intent of defendant to hinder or defraud his creditors (*see,* Debtor and Creditor Law § 276; *Matter of Shelly v Doe,* 249 AD2d 756, 758; *Dillon v Dean,* 236 AD2d 360, 361, *lv dismissed* 89 NY2d 1085).

Even if actual fraud could not be inferred, the transfers were arguably constructively fraudulent under Debtor and Creditor Law § 273-a. That statute provides, "Every conveyance made without fair consideration when the person making it is a defendant in an action for money damages * * * is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment." Here, defendant admitted transferring the realty to his wife for $1 during the pendency of action No. 1. The timing and inadequacy of consideration render the transfers suspect (*cf., Matter of Capalbo v Capalbo,* 259 AD2d 575; *Garden City Co. v Kassover,* 251 AD2d 9, *lv dismissed* 93 NY2d 848).

We thus reverse the order and judgment and grant a new trial before a different Justice. (Appeal from Order and Judgment of Supreme Court, Monroe County, Bergin, J.—Partnership Law.) Present—Denman, P. J., Green, Pigott, Jr., Scudder and Callahan, JJ.