■ AGWAY, INC., Respondent, v NORTH CLYMER FARM SERVICE, INC., et al., Appellants. (Appeal No. 1.) [737 NYS2d 207] —Appeal from an order of Supreme Court, Chautauqua County (Gerace, J.), entered June 16, 2000, which, inter alia, denied plaintiff's cross motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying that part of plaintiff's cross motion seeking partial summary judgment on liability on the open credit account debt and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking to enforce a commercial promissory note in the principal amount of $507,594.19 against defendant North Clymer Farm Service, Inc. (Clymer) and a personal guaranty of Clymer's debts by the

individual defendants. Plaintiff also sought to collect an amount allegedly due under an open credit account and to replevy Clymer's inventory under several security agreements. Until terminated by plaintiff in February 1999, Clymer had operated as one of plaintiff's certified representatives, reselling goods to farmers that it had purchased on credit from plaintiff. Plaintiff cross-moved for summary judgment on the note, guaranty and open credit account debt and to discharge its replevin bond. Defendants cross-moved to charge plaintiff's replevin bond and moved for leave to serve a second amended answer after their first amended answer was rejected as untimely, and for a default judgment on the counterclaim for an accounting. Supreme Court granted that part of plaintiff's cross motion seeking partial summary judgment on liability on the note, guaranty and open credit account debt, with the amount due to be determined after plaintiff had provided the accounting sought in defendants' counterclaim and motion, and otherwise denied defendants' motion and cross motion.

Defendants thereafter moved for reargument of plaintiff's cross motion for summary judgment. In opposing the motion, plaintiff submitted a proposed order and statement for judgment along with several hundred pages of documents allegedly constituting the accounting ordered by the court. The court implicitly denied the motion for reargument and granted plaintiff judgment in the amount of $507,594.19 on the note and guaranty plus attorneys' fees, interest, and costs. The causes of action on the open credit account debt were severed and continued.

With respect to the order in appeal No. 1, we conclude that the court properly denied defendants' motion to charge the replevin bond for damages to grain bank farmers whose goods allegedly were wrongfully seized and sold by plaintiff under the security agreements. By its terms, the bond was issued to protect persons awarded judgment against plaintiff for seizure of goods by the County Sheriff (*see,* CPLR 7102 [e]). In this case, defendants consented under a reservation of rights to the taking of their inventory by plaintiff and thus the bond is inapplicable.

We further conclude with respect to the order in appeal No. 1 that the court properly denied that part of defendants' motion for leave to serve a second amended answer. Although leave to amend pleadings "shall be freely given" absent prejudice or surprise resulting directly from the delay (CPLR 3025 [b]; *see, Fahey v County of Ontario,* 44 NY2d 934, 935), here leave was properly denied because defendants sought to amend

the original verified answer to deny facts admitted therein, without explanation of "the necessity and excuse for such an amendment" (*Gross v O'Connor*, 74 AD2d 633, 634). In addition, the affirmative defenses and counterclaims in the proposed second amended answer concerning liability on the note and open credit account "manifestly lack[ed] merit" (*Dec v Auburn Enlarged School Dist.*, 249 AD2d 907, 908) and were "palpably insufficient on their face" (*Mathiesen v Mead*, 168 AD2d 736, 737). Plaintiff made a prima facie showing of its entitlement to partial summary judgment on liability against Clymer on the note and against the individual defendants on the guaranty, and defendants failed to raise an issue of fact (*see generally, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *Chamberlain v Amato*, 259 AD2d 1048, 1049). The court erred, however, in granting that part of plaintiff's cross motion seeking partial summary judgment on liability on the open credit account debt. Plaintiff failed to submit evidentiary proof in admissible form establishing the amount that Clymer had failed to pay when it became due and thus failed to meet its initial burden of establishing its entitlement to judgment as a matter of law (*see, Alvarez v Prospect Hosp., supra* at 324; *see generally, Chamberlain v Amato*, 259 AD2d 1048, 1049). Plaintiff's reliance on an alleged admission in defendants' original verified answer is misplaced. Contrary to plaintiff's contention, the original verified answer did not admit Clymer's liability on the open credit account.

With respect to the order and judgment in appeal No. 2, we conclude that the court erred in awarding judgment on the note and guaranty in the amount of $507,594.19 plus attorneys' fees, interest, and costs because the accounting was insufficient and there are issues of fact requiring a hearing to determine the proper amount (*see, McDonald v Fenzel*, 233 AD2d 219, 220). In opposition to the proposed order and statement for judgment, defendants submitted the affidavits of a certified public accountant who averred that the accounting did not follow generally accepted accounting principles, and plaintiff failed to submit an expert's affidavit controverting those affidavits. In addition, defendants raised issues of fact whether plaintiff charged usurious interest on the note debt (*see*, General Obligations Law § 5-521 [3]; Penal Law § 190.40; *see also, Giventer v Arnow*, 37 NY2d 305, 309), and charged compound interest in the absence of an express agreement to do so (*see, Rourke v Thomas Assoc.*, 216 AD2d 717, 718, *appeal dismissed* 86 NY2d 837). As payee, plaintiff takes the note "subject to all defenses that would be available in an action on a simple contract" (*Weiss v Salamone*, 116 AD2d 1009; *see*, UCC 3-305

[2]; 3-306 [b]), including the defense that plaintiff charged usurious interest rates and that defendants are entitled to a setoff because plaintiff improperly charged compound interest in the absence of an express agreement to do so (see, Greenfield v Skydell, 186 AD2d 391). In particular, it is apparent from the financial documents submitted by plaintiff on the accounting that the note's schedule for application of payments between principal and interest was not followed and that unpaid interest was charged to the open credit account and finance charges of 18% per annum were thereafter assessed on that interest, whereupon the interest was added back into the principal amount due under the note.

We therefore modify the order in appeal No. 1 by denying that part of plaintiff's cross motion seeking partial summary judgment on liability on the open credit account debt. We modify the order and judgment in appeal No. 2 by vacating the amount awarded on the note and guaranty, and we remit the matter to Supreme Court for a hearing on that issue. Present—Green, J.P., Hayes, Hurlbutt, Burns and Lawton, JJ.