SAMUEL F. RUSSO, JR., et al., Appellants, v CLINTON DISPOSAL SERVICE, INC., Respondent, et al., Defendant. [743 NYS2d 369] —Appeal from an order of Supreme Court, Erie County (Whelan, J.), entered July 18, 2001, which, inter alia, denied plaintiffs' motion for partial summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting plaintiffs' motion and vacating that part granting defendant Clinton Disposal Service, Inc. leave to amend its answer and as modified the order is affirmed without costs.

Memorandum: Supreme Court properly granted that part of the cross motion of Clinton Disposal Service, Inc. (defendant) seeking summary judgment dismissing the Labor Law § 200 claim and common-law negligence cause of action against it. Defendant established as a matter of law that it did not supervise the work being performed by Samuel F. Russo, Jr. (plaintiff) at the time of the accident and that there was no dangerous condition on the premises that caused the accident (*see Lombardi v Stout*, 80 NY2d 290, 295; *Riley v Stickl Constr. Co.,* 242 AD2d 936, 936-937). The court erred, however, in denying plaintiffs' motion for partial summary judgment on liability on the Labor Law § 240 (1) claim and in granting defendant, apparently upon oral application, leave to amend its answer to assert as an affirmative defense that plaintiff was a recalcitrant worker. Plaintiffs are entitled to partial summary judgment on liability on the Labor Law § 240 (1) claim because the ladder was not " 'so constructed, placed and operated as to give proper protection' to plaintiff" (§ 240 [1]), and " 'there is no view of the evidence * * * which could lead to the conclusion that the violation of Labor Law § 240 (1) was not the proximate cause of the accident' " (*Villeneuve v State of New York,* 274 AD2d 958, 958, quoting *Felker v Corning, Inc.,* 90 NY2d 219, 225). Furthermore, leave to amend should be denied where, as here, there is no merit to the proposed amendment (*see Agway*

*v North Clymer Farm Serv.*, 291 AD2d 818, 819-820; *Nahrebeski v Molnar*, 286 AD2d 891, 891-892). "Plaintiff was provided with no safety devices to guard against the type of accident that occurred, and, * * * [i]n any event, the fact that plaintiff may have received general safety instructions that were not followed is not sufficient to raise an issue of fact whether plaintiff was a recalcitrant worker" (*Fichter v Smith*, 259 AD2d 1023, 1023, *lv denied in part and dismissed in part* 93 NY2d 994; *see Savigny v Marrano/Marc Equity Corp.*, 221 AD2d 942, 942). Finally, plaintiffs failed to brief the issue whether the court erred in granting that part of the cross motion of defendant seeking summary judgment dismissing the Labor Law § 241 (6) claim against it and thus have abandoned their appeal with respect to that issue (*see generally Baliva v State Farm Mut. Auto. Ins. Co.* [appeal No. 2], 286 AD2d 953, 955; *Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

We therefore modify the order by granting plaintiffs' motion and vacating that part granting defendant leave to amend its answer. Present—Pigott, Jr., P.J., Green, Scudder, Burns and Gorski, JJ.