■ ERNEST B. TURNER, Appellant, v RICHARD CANALE et al., Respondents. [790 NYS2d 347]—

Appeal from an order of the Supreme Court, Oswego County (Robert J. Nicholson, J.), entered December 5, 2003. The order denied plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) and granted defendants' cross motion for summary judgment dismissing the amended complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff and Richard Canale (defendant) executed a lease for the rental of premises owned by defendants to be used by plaintiff as a retail bicycle shop. According to the terms of the lease, rent in the amount of $800 was waived for the first month of the lease as defendant's "contribution to renovations required for [plaintiff's] use." Plaintiff expended over $20,000 in renovation work in order to transform the building into a retail bicycle shop and was injured during those renovations when a stepladder fell out from under him. He commenced this action asserting causes of action for common-law negligence and violations of Labor Law § 240 (1), § 241 (6) and § 200. Plaintiff moved for partial summary judgment on liability on the section 240 (1) cause of action, and defendants cross-moved for summary judgment dismissing the amended complaint. Supreme Court denied plaintiff's motion and granted defendants' cross motion. In his brief on appeal, plaintiff contends only that the court erred in dismissing the section 240 (1) cause of action and in denying his motion for partial summary judgment on that cause of action and thus has abandoned his appeal with respect to the court's dismissal of the other causes of action (*see Russo v Clinton Disposal Serv.,* 295 AD2d

1006, 1007 [2002]; *Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]). We note in addition that the contentions raised for the first time in plaintiff's reply brief are not properly before this Court (*see Greene v Xerox Corp.*, 244 AD2d 877, 878 [1997], *lv denied* 91 NY2d 809 [1998]; *O'Sullivan v O'Sullivan*, 206 AD2d 960, 960-961 [1994]).

With respect to the merits, we conclude that the court properly granted that part of defendants' cross motion seeking summary judgment dismissing the Labor Law § 240 (1) cause of action. Contrary to the contention of plaintiff, the terms of the lease do not establish that he was "hired" by defendants to renovate the property and thus the terms of the lease do not establish that plaintiff was employed by defendants within the meaning of the Labor Law (*Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971 [1979]; *see* Labor Law § 2 [5]; *Schiavone v Halicki*, 221 AD2d 950, 951 [1995]). Present— Pigott, Jr., P.J., Pine, Kehoe, Gorski and Martoche, JJ.