■ JOHN M. THOMSON, Respondent, v ARLENE RUBENSTEIN et al., Appellants, et al., Defendant. [818 NYS2d 516]—

In an action to recover on a promissory note, the defendants Arlene Rubenstein, as executor of the estate of Edward Rubenstein, and Leslie Rubenstein appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Suffolk County (Werner, J.), dated April 1, 2005, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against them and denied their cross motion for leave to amend their answer to the amended complaint, and (2) a judgment of the same court entered July 5, 2005, as, upon the order and upon a stipulation of the parties dated June 16, 2005, is in favor of the plaintiff and against them in the principal sum of $3,547,722.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff, who was appointed administrator ad litem for the estate of Minnie Rubenstein (hereinafter the decedent) by the Circuit Court of Miami-Dade County, Florida, seeks to collect amounts due on a $2,010,000 promissory note (hereinafter the note) executed in November 1998 by the decedent's three children, Nicole Reuben, Edward Rubenstein, and Leslie Rubenstein. In exchange for the note, the decedent allegedly signed documents selling her stock in three family businesses to her three children in equal parts. The stock was thereafter transferred to the three children on the books and records of the businesses, and they received dividends on the stock and made some interest payments on the note.

In September 2001, at the age of 91, the decedent executed a new will and a codicil thereto, under which she left the entire residuary of her estate to Nicole, and made bequests in the sum of $25,000 each to Edward and Leslie. Soon after, the decedent commenced this action against Nicole, Edward, and Leslie, alleging that they had obtained her stock through fraud and forgery and seeking to rescind the transaction or, alternatively, to collect on the note.

The decedent died in the State of Florida in 2002, and the Florida Circuit Court thereafter rejected Leslie's objections to the will, finding that Nicole did not exert undue influence and that the decedent was competent at the time she executed the will. The administrator ad litem, having been substituted as the plaintiff in this action, filed an amended complaint withdrawing the fraud cause of action, and moved, inter alia, for summary judgment on the issue of liability against the executor of Edward's estate, who had been substituted as a defendant, and Leslie (hereinafter collectively the appellants). The appellants cross-moved for leave to amend their answer to assert the decedent's incapacity to sue. The Supreme Court, inter alia, granted that branch of the motion which was for summary judgment on the issue of liability against the appellants and denied the cross motion. We affirm.

The plaintiff made out a prima facie case for summary judg-

ment on the note by submitting evidence that the decedent's children executed the note, accepted transfer of the decedent's stock in exchange therefor and, after making interest payments on the note, defaulted and failed to make payment in accordance with its terms (*see Neuhaus v McGovern*, 293 AD2d 727, 728 [2002]; *Moezinia v Baroukhian*, 247 AD2d 452, 453 [1998]). The burden thus shifted to the appellants to come forward with evidentiary facts demonstrating the existence of a triable issue of fact, which would defeat summary judgment (*see Moezinia v Baroukhian, supra*).

This they failed to do. The vague allegations that the decedent's children understood the note to be part of an "estate plan" and that it would not have to be repaid were insufficient to raise a triable issue of fact (*see O'Brien v O'Brien*, 258 AD2d 446 [1999]; *Falco v Thorne*, 225 AD2d 582, 583 [1996]). Under the circumstances, the fact that the decedent denied knowledge of the note did not raise an issue of fact as to delivery, because the actions of the decedent's children in accepting valuable consideration for the note and in making interest payments to her, unequivocally demonstrated their intent that the note be valid and effective (*see Matter of Sackler*, 192 AD2d 536 [1993]; *Matter of Whiteman*, 268 App Div 591 [1944]; *see generally 219 Broadway Corp. v Alexander's, Inc.*, 46 NY2d 506, 512 [1979]; *Irving Trust Co. v Leff*, 253 NY 359 [1930]). Nor does the plaintiff's inability to produce the original note raise a triable issue of fact under the best evidence rule, since the appellants do not dispute the contents of the original note, which was drafted by their attorney (*see Schozer v William Penn Life Ins. Co. of N.Y.*, 84 NY2d 639, 643-644 [1994]; *Chamberlain v Amato*, 259 AD2d 1048 [1999]).

The appellants' contention, raised for the first time on appeal, that UCC 3-601 (3) (a) operates as a matter of law to discharge their liability on the note because Nicole "reacquired" it "in [her] own right," is without merit. Although Nicole is the residuary beneficiary of the decedent's estate, the promissory note has not been reacquired by her in her own right, but is an asset of the decedent's estate. The decedent's estate is entitled to bring an action to recover a debt owed on a valid promissory note and, if the debt is owed by a residuary beneficiary, to offset the debt against the beneficiary's inheritance prior to distribution (*see Matter of Chamberlin*, 289 NY 456, 458-463 [1943]; *Matter of Ewald*, 174 Misc 939 [1940]; 42 NY Jur 2d, Decedents' Estates § 2428).

The appellants' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch

of the motion which was for summary judgment on the issue of liability against the appellants and denied the cross motion for leave to amend the appellants' answer to the amended complaint. Florio, J.P., Santucci, Rivera and Fisher, JJ., concur.