■ LILY LEE, Appellant, v ROBERT A. MARINO, Defendant, and JOSEPH CRISAFI, Individually and as Officer of the Board of Managers of Columbus Common Condominium, Respondent. [827 NYS2d 151]—

Order, Supreme Court, New York County (Louis B. York, J.), entered October 28, 2005, which struck plaintiff's affidavit in opposition and granted defendant Joseph Crisafi's motion to confirm the Referee's report, thereby dismissing the complaint against Crisafi for lack of personal jurisdiction, unanimously reversed, on the law, without costs, the grant of Crisafi's motion vacated and the complaint as against him reinstated, plaintiff's counsel directed to submit an affidavit in opposition which complies with the applicable court rules, and the matter remanded for consideration of the Referee's report on the merits.

The motion court clearly abused its discretion in striking plaintiff's affidavit in opposition to defendant Crisafi's motion to confirm the Referee's report, and confirming the report without considering it on the merits. While the court, in support of the challenged disposition, cited "gross violations" of court rules by plaintiff's counsel, the violations were technical, involving the length of an affidavit and the use of exhibit tabs, and did not rise to a level warranting the striking of the affidavit and consequent grant of the relief sought by Crisafi. While courts have inherent power to control their calendars and the

disposition of business before them, deeming the violations of plaintiff's counsel "gross" was unwarranted and the sanction imposed by the court unjustifiably denied plaintiff her day in court (*see Matter of Hochberg v Davis*, 171 AD2d 192 [1991]). Concur—Tom, J.P., Friedman, Nardelli, Catterson and Malone, JJ.