■ COMERICA BANK, N.A. et al., Respondents, v ELENA DUKE BENEDICT, Appellant, et al., Defendants. (Action No. 1.) COMERICA BANK, N.A., et al., Appellants, v ELENA DUKE BENEDICT, Respondent, et al., Defendants. (Appeal No. 2.) [833 NYS2d 588]—

In an action, inter alia, to foreclose a mortgage, (1) the defendant Elena Duke Benedict appeals from a judgment of the Supreme Court, Westchester County, entered April 20, 2006, which, upon a decision of the same court entered January 20, 2006, made after a nonjury trial, and upon confirming the report of a referee finding that the sum of $3,309,224 was due upon a mortgage and four promissory notes, is in favor of the plaintiffs and against her directing a foreclosure sale of the subject property, and (2) the plaintiffs appeal from a judgment of the same court dated February 14, 2006, which, upon the same decision, made after the nonjury trial, is in favor of the defendant Elena Duke Benedict and against them in the principal sum of $224,065.77, on the counterclaim to recover on a promissory note.

Ordered that the judgment entered April 20, 2006 is reversed, on the law and the facts, and the complaint is dismissed; and it is further,

Ordered that the judgment dated February 14, 2006 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant Elena Duke Benedict.

The Supreme Court erred in determining that the plaintiffs timely commenced this action due to the tolling of the statute of limitations. The defendant Elena Duke Benedict's execution of a mortgage in 1996 did not qualify as an acknowledgment of a prior existing debt such that the statute of limitations was extended pursuant to General Obligations Law § 17-105 (1) (*see Comerica Bank, N.A. v Benedict*, 8 AD3d 221, 223 [2004]). Additionally, the statute of limitations was not tolled, as the plaintiffs contended, due to Benedict's alleged partial payment of a prior existing debt. "In order [for] a part payment [to] have the effect of tolling a time-limitation period, under the statute or pursuant to contract, it must be shown that there was a payment of a portion of an admitted debt, made and accepted as such, accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder" (*Lew Morris Demolition Co. v Board of Educ. of City of N.Y.*, 40 NY2d 516, 521 [1976]). Here, the plaintiffs did not meet their burden of proving that partial payments allegedly made to them by Benedict's agent, and allegedly representing interest on one of the promissory notes at issue, were sufficient to toll the statute of limitations (*id.; see Park Assoc. v Crescent Park*

*Assoc.,* 159 AD2d 460, 461 [1990]). Since the statute of limitations was not tolled, the plaintiffs failed to timely commence this action to foreclose on a mortgage. Accordingly, the judgment entered April 20, 2006 must be reversed and the complaint dismissed.

By contrast, the Supreme Court properly entered the judgment dated February 14, 2006 in favor of Benedict on her counterclaim to recover on a promissory note. Contrary to the plaintiffs' contention, the best evidence rule did not apply since at trial, and on appeal, the plaintiffs did not dispute the contents of the original promissory note, and the plaintiff Verna Neilson acknowledged her signature on the copy which was admitted into evidence (*see Schozer v William Penn Life Ins. Co. of N.Y.,* 84 NY2d 639, 643-644 [1994]; *Thomson v Rubenstein,* 31 AD3d 434, 436 [2006]; *Chamberlain v Amato,* 259 AD2d 1048, 1049 [1999]; *Matter of La Rue v Crandall,* 254 AD2d 633, 635 [1998]). In any event, Benedict satisfactorily accounted for her inability to produce the original, thus establishing a foundation for admission of the copy (*see Chamberlain v Amato, supra; Matter of La Rue v Crandall, supra*).

Motion by the plaintiffs on appeals from two judgments of the Supreme Court, Westchester County, dated February 14, 2006, and entered April 20, 2006, respectively, to strike stated portions of the appendix and brief filed by the defendant Elena Duke Benedict on the ground that they contain or refer to matter dehors the record. By decision and order on motion of this Court dated April 25, 2006, the motion was held in abeyance and referred to the Justices hearing the appeals for determination upon the argument or submission of the appeals.

Upon the papers submitted in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the motion is granted to the extent that pages 466 through 495 of the appendix filed by the defendant Elena Duke Benedict and all references to those pages in her brief are stricken and have not been considered upon the determination of the appeals; and it is further,

Ordered that the motion is otherwise denied. Crane, J.P., Goldstein, Lifson and Carni, JJ., concur.