■ RHONDA BILLINGY, Respondent, v BRUCE BLAGROVE, Appellant. [922 NYS2d 565]—

In an action to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Kings County (Schack, J.), dated April 9, 2010, which granted the plaintiff's motion for summary judgment on the issue of liability, and (2) an order of the same court dated October 18, 2010, which denied his motion for leave to reargue and renew.

Ordered that the order dated April 9, 2010, is reversed, on the facts and in the exercise of discretion, and the plaintiff's motion for summary judgment on the issue of liability is denied; and it is further,

Ordered that the appeal from the order dated October 18, 2010, is dismissed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

"The oft-mentioned and much misunderstood best evidence rule simply requires the production of an original writing where its contents are in dispute and sought to be proven" (*Schozer v William Penn Life Ins. Co. of N.Y.*, 84 NY2d 639, 643 [1994] [internal quotation marks omitted]). Since the plaintiff did not dispute the existence of the defendant's affidavit, or the accuracy of the relevant portions of the reproduction, the best evidence rule should not have been applied to bar consideration of the reproduction (*see Comerica Bank, N.A. v Benedict*, 39 AD3d 456, 458 [2007]; *Thomson v Rubenstein*, 31 AD3d 434, 436

[2006]; *Chamberlain v Amato*, 259 AD2d 1048, 1049 [1999]). Moreover, in light of the "strong policy favoring disposition of actions on the merits" (*Sanchez v Serje*, 17 AD3d 562, 563 [2005]), and given the circumstances of this case, the Supreme Court improvidently exercised its discretion to the extent that it refused to consider the reproduction of the defendant's affidavit on the ground that the defendant's opposition papers did not utilize protruding exhibit tabs (*see Lee v Marino*, 36 AD3d 454, 454-455 [2007]; *see also* CPLR 2001; *cf. Ali v Buno*, 25 Misc 3d 1213[A], 2009 NY Slip Op 52086[U], *3 [2009]). Accordingly, the Supreme Court should have considered the photocopy of the defendant's affidavit submitted in opposition to the plaintiff's motion for summary judgment on the issue of liability (*see* CPLR 2101 [e]; *Campbell v Johnson*, 264 AD2d 461, 461 [1999]; *Matter of Lamont D.*, 247 AD2d 615, 615-616 [1998]; *Matter of Samuel E.*, 240 AD2d 251, 252 [1997]).

Although the plaintiff established, prima facie, her entitlement to judgment as a matter of law on the issue of liability (*see Benedikt v Certified Lbr. Corp.*, 60 AD3d 798, 798 [2009]; *Voskin v Lemel*, 52 AD3d 503 [2008]; *see also* Vehicle and Traffic Law § 1146 [a]), the defendant's affidavit was sufficient to raise a triable issue of fact as to whether the plaintiff failed to exercise due care in crossing the street at a point other than an intersection or a crosswalk (*see Ryan v Budget Rent a Car*, 37 AD3d 698, 699 [2007]; *Pareja v Brown*, 18 AD3d 636, 637 [2005]; *Parrinello v Davis*, 2 AD3d 610, 610-611 [2003]; *see also* Vehicle and Traffic Law § 1152 [a]). Thus, the Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of liability.

In light of the foregoing determination, the appeal from so much of the order dated October 18, 2010, as denied that branch of the defendant's motion which was for leave to renew must be dismissed as academic (*see Bonilla v Gutierrez*, 81 AD3d 581, 582 [2011]). Moreover, the appeal from so much of that same order as denied that branch of the defendant's motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument (*see Crawn v Sayah*, 31 AD3d 367 [2006]). Angiolillo, J.P., Florio, Lott and Austin, JJ., concur.