■ In the Matter of OLEG CASSINI, Deceased. CHRISTINA CASSINI, Respondent; MARIANNE NESTOR CASSINI, Appellant. [945 NYS2d 414]—

In a probate proceeding in which Christina Cassini petitioned pursuant to SCPA 1809 to determine the validity of a claim against the estate of the decedent, Oleg Cassini, Marianne Nestor Cassini, the executor of the decedent's estate, appeals, as limited by her brief, from so much of an order of the Surrogate's Court, Nassau County (McCarty, III, S.), dated February 18, 2011, as, upon renewal and reargument, adhered to a prior determination made in an order of the same court dated December 4, 2009 (Riordan, S.), denying her converted motion for summary judgment dismissing the amended petition and granting the petitioner's cross motion for summary judgment on the issue of liability on the amended petition.

Ordered that the order dated February 18, 2011, is affirmed insofar as appealed from, with costs.

The petitioner, Christina Cassini, is one of the decedent's two daughters from the decedent's marriage to actress Gene Tierney. That marriage was dissolved by a California final judgment of divorce entered April 7, 1953.

Before the final judgment of divorce was issued, the decedent and Tierney entered into a "Property Settlement Agreement" (hereinafter the agreement) which, by its terms, was to "be construed and interpreted under and in accordance with the laws of the State of California." In paragraph 17 of the agreement, the decedent agreed that he would, "by testamentary disposition[,] leave not less than one-half of his net estate . . . to" the petitioner and the petitioner's sister "in equal proportions." The agreement was incorporated verbatim, in its entirety, into an "interlocutory judgment of divorce." The interlocutory judgment of divorce was incorporated by reference into the final judgment of divorce.

The decedent, a resident of Nassau County, died on March 17, 2006. His last will and testament (hereinafter the decedent's

will) was subsequently admitted to probate in the Surrogate's Court, Nassau County. His surviving wife, Marianne Nestor Cassini, was issued letters testamentary, and is the executor of his estate.

The decedent's will did not provide for the testamentary disposition specified in paragraph 17 of the agreement. Thus, the petitioner, "pray[ing] for," among other things, "the enforcement of the Interlocutory Judgment of Divorce and Final Judgment of Divorce, which could not have been requested prior to the death of the decedent," asserted a claim against the decedent's estate. In this regard, she essentially sought to have a constructive trust imposed upon certain assets of the decedent's estate, by demanding that the executor be· "compell[ed] . . . to set aside sufficient estate assets" having a total value "not . . . less than 25% of the decedent's net estate."

On her cross motion for summary judgment on the issue of liability on the amended petition, the petitioner made a prima facie showing of entitlement to judgment as a matter of law on her claim and, in opposition, the executor failed to raise a triable issue of fact (*see Matter of Sackler*, 192 AD2d 536, 537 [1993], citing *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). As the Surrogate's Court essentially and correctly determined, the petitioner established, prima facie, that the decedent's obligation under paragraph 17 of the agreement, which merged with the final judgment of divorce, was enforceable as part of that judgment (*see Flynn v Flynn*, 42 Cal 2d 55, 57-59, 265 P2d 865, 865-867 [1954]; *Lubin v Lubin*, 144 Cal App 2d 781, 786-789, 302 P2d 49, 54-56 [1956]; *see also In re Marriage of Corona*, 172 Cal App 4th 1205, 1220-1221, 92 Cal Rptr 3d 17, 29-31 [2009]), and that the final judgment was never modified, vacated, or reversed. Furthermore, as the Surrogate's Court also essentially and correctly determined, the executor failed to raise a triable issue of fact as to the enforceability of that obligation, which the petitioner first sought to enforce after the decedent's death, via the imposition of a constructive trust upon certain assets of the decedent's estate (*cf. In re Marriage of Edwards*, 38 Cal App 4th 456, 460-462, 45 Cal Rptr 2d 138, 140-142 [1995]; *Westbrook v Superior Ct.*, 176 Cal App 3d 703, 712, 222 Cal Rptr 317, 322-323 [1986]). The executor's remaining contentions are either not properly before this Court (*see* CPLR 3211 [a] [5]; 3211 [e]; *Dougherty v City of Rye*, 63 NY2d 989, 991-992 [1984]), or without merit.

Accordingly, upon renewal and reargument, the Surrogate's Court properly adhered to its determination granting the petitioner's cross motion for summary judgment on the issue of

liability on the amended petition, and denying the executor's converted motion for summary judgment dismissing the amended petition. Skelos, J.P., Dickerson, Eng and Austin, JJ., concur.

Motion by the respondent on an appeal from an order of the Surrogate's Court, Nassau County, dated February 18, 2011, for this Court to take judicial notice of certain foreign statutes and case law. By decision and order on motion of this Court dated November 17, 2011, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers submitted in support of the motion and the papers submitted in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is granted. Skelos, J.P., Dickerson, Eng and Austin, JJ., concur.