# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

139

CA 13-01223

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND VALENTINO, JJ.

---

AARON MANOR REHABILITATION AND NURSING
CENTER, LLC, PLAINTIFF-APPELLANT,

V                                                       MEMORANDUM AND ORDER

GRACE DIOGO AND ANNETTE LOUIS,
DEFENDANTS-RESPONDENTS.

---

LAW OFFICE OF HEIDI E. LADUCA, ESQ., WEBSTER (HEIDI E. LADUCA OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

---

Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered September 4, 2012. The order, inter alia, denied the motion of plaintiff for summary judgment on the complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting those parts of the motion for summary judgment on the first and second causes of action against defendant Grace Diogo and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking judgment in the amount of $62,344.71 for services rendered in caring for defendant Grace Diogo. Plaintiff asserted causes of action for breach of contract, an account stated, unjust enrichment, and fraudulent conveyance against Diogo and defendant Annette Louis, the niece who signed the "long-term admission agreement" (hereafter, contract) as Diogo's power of attorney (POA). It is undisputed that Louis signed the contract in February 2011 and agreed to utilize Diogo's assets to pay for Diogo's care and to apply for Medicaid assistance if necessary. It is also undisputed that Medicaid funding was not approved for a portion of Diogo's care based upon an uncompensated transfer of assets in February 2009, when Diogo gave Louis and Louis's sister $24,000 each.

We conclude that, inasmuch as defendants concede that Diogo is liable for the services rendered to her, Supreme Court erred in determining that defendants raised an issue of fact sufficient to defeat the motion with respect to Diogo on the first and second causes of action, for breach of contract and an account stated. We therefore modify the order accordingly. We conclude with respect to Louis that, although plaintiff established its entitlement to judgment with respect to the first and second causes of action, the court properly determined that defendants raised an issue of fact sufficient to

defeat the motion on those causes of action against Louis. With respect to the cause of action for breach of contract, Louis submitted an affidavit stating that she exhausted Diogo's assets and then applied for Medicaid for Diogo, in conformance with the terms of the contract (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). With respect to the cause of action for an account stated, both Louis and her attorney submitted affidavits stating that they contacted plaintiff and objected to the implicit claim that Louis was personally liable for the amount due. " 'There can be no account stated where . . . any dispute about the account is shown to have existed' " (*Hull v City of N. Tonawanda*, 6 AD3d 1142, 1142) and, here, defendants established that there was a dispute about the account.

We conclude that the court properly denied that part of the motion with respect to the third cause of action, for unjust enrichment, but our reasoning differs from that of the court. Plaintiff alleges that defendants were unjustly enriched by the care provided to Diogo for which there was no compensation, but there can be no unjust enrichment "because the matter is controlled by contract" (*Goldman v Metropolitan Life Ins. Co.*, 5 NY3d 561, 572; *see Leo J. Roth Corp. v Trademark Dev. Co.* [appeal No. 2], 90 AD3d 1579, 1581). Plaintiff therefore failed to establish its entitlement to judgment on that cause of action (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

Finally, the court properly denied that part of the motion with respect to the fourth cause of action, for fraudulent conveyance. Even assuming, arguendo, that plaintiff established that the transfer of funds from Diogo to Louis and Louis's sister in 2009 constituted a fraud pursuant to Debtor and Creditor Law § 275, we conclude that defendants raised an issue of fact sufficient to defeat the motion. Debtor and Creditor Law § 275 provides that "[e]very conveyance made and every obligation incurred without fair consideration when the person making the conveyance or entering into the obligation intends or believes that he [or she] will incur debts beyond his or [her] ability to pay as they mature, is fraudulent as to both present and future creditors." Defendants established that, as early as 2003, Diogo had an account entitled "Grace Diogo, in trust for" Louis and Louis's sister, and the account was closed at the time Diogo gave the proceeds to her nieces in 2008. Defendants also established that Diogo had resided in Portugal since 1987 and that in 2006 she advised her family in Rochester that she would not again visit because of the difficulty she had in traveling alone at age 82. She returned to Rochester in 2010, however, because her husband was critically ill and his family in Portugal could not care for both Diogo and her husband. At the time of the transfer, Diogo had in excess of $139,000 in another account with the same bank, and defendants thus raised an issue of fact whether the transfer of funds in 2008 rendered Diogo insolvent with respect to the amount owed to plaintiff (*see* § 273; *Grace Plaza of Great Neck v Heitzler*, 2 AD3d 780, 781; *cf. Chamberlain v Amato*, 259 AD2d 1048, 1049-1050).

Entered: February 14, 2014

Frances E. Cafarell
Clerk of the Court