Sklavos v Oki-Do, Ltd. (2022 NY Slip Op 03268)

Sklavos v Oki-Do, Ltd.

2022 NY Slip Op 03268

Decided on May 18, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2019-09311
 (Index No. 20698/09)

[*1]Alexander Sklavos, etc., et al, respondents,
v
Oki-Do, Ltd., appellant,et al., defendants.

Lieb at Law, P.C., Smithtown, NY (Dennis C. Valet of counsel), for appellant.
Siegel & Reiner LLP (Solomon & Siris, P.C., Garden City, NY [Michael J. Siris and Richard H. Del Valle], of counsel), for respondent Alexander Sklavos.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Oki-Do, Ltd., appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (James Hudson, J.), dated June 20, 2019. The order and judgment of foreclosure and sale, upon a decision of the same court dated June 18, 2018, made after a nonjury trial, and upon an order of the same court dated February 1, 2019, appointing a referee to ascertain and compute the amount due to the plaintiffs, and an order of reference of the same court dated March 12, 2019, appointing a substitute referee to ascertain and compute the amount due to the plaintiffs, inter alia, granted the plaintiffs' motion to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In October 2007, nonparty Edward Stein, purporting to be acting as the attorney-in-fact of the defendant Oki-Do, Ltd. (hereinafter the defendant), executed two mortgages encumbering the subject property owned by the defendant in favor the plaintiffs. Stein allegedly was authorized to execute the mortgages pursuant to a power of attorney signed by Kazuko Hillyer, the sole shareholder of the defendant, in October 2007. The mortgages were later consolidated into a single mortgage, and, after the defendant defaulted on the consolidated mortgage, the plaintiffs commenced this action to foreclose the consolidated mortgage.
After a nonjury trial, the Supreme Court determined, inter alia, that the plaintiffs had proven that Hillyer had executed a valid power of attorney in July 2007 giving Stein the power to enter into real estate transactions on behalf of herself and the defendant. The court thereafter issued an order and judgment of foreclosure and sale, inter alia, directing the sale of the subject property. The defendant appeals.
The Supreme Court properly determined that the plaintiffs established by a preponderance of the evidence that Stein had the authority to enter into the mortgage pursuant to the July 2007 power of attorney. The defendant's contention that the court improvidently exercised its discretion in admitting the July 2007 power of attorney into evidence because the document violated [*2]the best evidence rule is without merit. The best evidence rule did not preclude admission of the July 2007 power of attorney into evidence, as Hillyer admitted at trial that she signed the July 2007 power of attorney and she intended for the document to give Stein the authority to execute a mortgage. The relevant portions of the July 2007 power of attorney therefore were not in dispute and the best evidence rule did not bar admission of the power of attorney (see Billingy v Blagrove, 84 AD3d 848, 848; Comerica Bank, N.A. v Benedict, 39 AD3d 456, 458; Thomson v Rubenstein, 31 AD3d 434, 436).
The parties' remaining contentions are either without merit or need not be reached in light of our determination.
BARROS, J.P., RIVERA, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court