RTT Holdings, LLC v Nacht (2022 NY Slip Op 03915)

RTT Holdings, LLC v Nacht

2022 NY Slip Op 03915

Decided on June 15, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 15, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.

2017-03800
 (Index No. 614891/16)

[*1]RTT Holdings, LLC, appellant, 
v
Lawrence Nacht, as personal representative of the estate of Pearl Nacht, respondent, et al., defendants.

Windels Marx Lane & Mittendorf, LLP, New York, NY (James Tracy and Wayne Cook of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated March 27, 2017. The order granted the motion of Pearl Nacht pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her.
ORDERED that the order is affirmed, without costs or disbursements.
In 2006, Pearl Nacht (hereinafter the decedent) refinanced her home by borrowing the sum of $210,000 from the plaintiff, payable within one year, at an interest rate of 12%. The loan was secured by a mortgage on the decedent's real property in Suffolk County. The plaintiff alleged that the decedent defaulted on the loan by failing to make the principal payment of $210,000, which was due on July 1, 2007. That year, the plaintiff commenced a foreclosure action, which was voluntarily discontinued pursuant to a stipulation of settlement entered into between the parties' attorneys on June 4, 2010. The plaintiff later commenced an action against the decedent to recover possession of the subject property. Additional facts relating to the lengthy transactional history between the parties can be found in our decision and order resolving a related appeal (see RTT Holdings, LLC v Nacht, ___ AD3d ___ [Appellate Division Docket No. 2017-11585; decided herewith]).
The plaintiff commenced this foreclosure action against the decedent, among others, on or about September 19, 2016. The decedent, appearing pro se, moved pursuant to CPLR 3211(a)(1) and (5) to dismiss the complaint insofar as asserted against her. In an order dated March 27, 2017, the Supreme Court granted the decedent's motion. The plaintiff appeals.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired (see U.S. Bank N.A. v Derissaint, 193 AD3d 790, 791). If such prima facie showing is made, the burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable (see Klein v Deutsch, 193 AD3d 707, 709).
Here, the decedent met her prima facie burden of proof by showing that the entire principal amount of the 2006 mortgage loan, by its terms, became due and payable on July 1, 2007, and that this action was not commenced until September 2016, more than nine years later. In opposition, the plaintiff argued that certain payments made by the decedent in 2011, 2012, and 2014 [*2]had the effect of tolling the statute of limitations. We disagree.
"In order that a part payment shall have the effect of tolling a time-limitation period, under the statute or pursuant to contract, it must be shown that there was a payment of a portion of an admitted debt, made and accepted as such, accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder" (Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d 516, 521; see Comerica Bank, N.A. v Benedict, 39 AD3d 456, 457). The Supreme Court correctly determined that the evidence submitted by the plaintiff failed to meet this standard. In fact, the documentary evidence in the record showed that the payments relied upon by the plaintiff were made pursuant to subsequent agreements specifically intended to supersede the 2006 mortgage loan. As noted by the court, the most recent of these agreements, entitled "Settlement Agreement and General Release" and dated April 5, 2014, contained a general release in favor of the decedent and encompassing "any and all complaints, claims, charges, demands, suits, actions, or causes of action, whether in law or in equity, which [the plaintiff] asserts or could assert, at common law or under any statute, rule, regulation, order, or law, whether federal, state, or local, or on any grounds whatsoever that [the plaintiff] may have against [the decedent] or her heirs, executors, administrators, successors and assigns." Moreover, the same agreement contained a merger clause superseding "any and all prior agreements, promises, or inducements, no matter its or their form, concerning its subject matter." Contrary to the plaintiff's contention, the subsequent agreements, and the payments made by the decedent thereunder, do not evince an absolute and unqualified acknowledgment of the 2006 mortgage debt, but rather a clear intent to supersede it and enter into an entirely new agreement.
Under these circumstances, the Supreme Court properly granted the decedent's motion pursuant to CPLR 3211(a)(1) and (5) to dismiss the complaint insofar as asserted against her.
BARROS, J.P., CHAMBERS, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court