Brown v 685 First Realty Co., LLC (2024 NY Slip Op 05197)

Brown v 685 First Realty Co., LLC

2024 NY Slip Op 05197

Decided on October 23, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 23, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-02046
 (Index No. 509921/19)

[*1]Haddon Brown, plaintiff, 
v
685 First Realty Company, LLC, et al., defendants, Second Ave. Solow Development Corp., defendant third-party plaintiff-appellant; R & J Construction Corp., third-party defendant-respondent.

Pillinger Miller Tarallo, LLP, New York, NY (Michael R. Manarel, William R. Pirk, and Steven H. Kaplan of counsel), for defendant third-party plaintiff-appellant.
Mulholland, Minion, Davey, McNiff & Beyrer, Williston Park, NY (John L. Marsigliano of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated January 9, 2023. The order, sua sponte, in effect, struck the defendant third-party plaintiff's opposition to the third-party defendant's motion for summary judgment dismissing the third-party complaint and granted the third-party defendant's motion for summary judgment dismissing the third-party complaint.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, in effect, struck the defendant third-party plaintiff's opposition to the third-party defendant's motion for summary judgment dismissing the third-party complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a new determination on the merits of the third-party defendant's motion for summary judgment dismissing the third-party complaint.
In 2019, the plaintiff commenced this action against the defendant third-party plaintiff Second Ave. Solow Development Corp. (hereinafter Solow), among others, to recover damages for personal injuries he allegedly sustained while working as a drywall taper on premises located in Manhattan. Solow commenced a third-party action against the plaintiff's employer, R & J Construction Corp. (hereinafter R & J), alleging causes of action, inter alia, for breach of contract and contractual indemnification. In December 2021, R & J moved, among other things, to compel Solow to comply with R & J's discovery demand for contracts. In an order dated January 21, 2022 (hereinafter the January 2022 order), the Supreme Court, inter alia, directed Solow to produce "all outstanding documentary discovery" by February 22, 2022. The January 2022 order further provided that "[f]ailure to comply with this order will result in the non-complying party being precluded from [*2]offering evidence, testifying at trial, or submitting an affidavit in response to any dispositive motion, upon further motion for same, pursuant to CPLR 3126 (2)."
Thereafter, in April 2022, R & J moved for summary judgment dismissing the third-party complaint. Solow opposed the motion and submitted for the first time a "Contractor Insurance and Indemnity Agreement" allegedly executed by R & J in 2017. In an order dated January 9, 2023, the Supreme Court, sua sponte, in effect, struck Solow's opposition to R & J's motion for summary judgment dismissing the third-party complaint based upon Solow's failure to comply with the January 2022 order and granted R & J's motion for summary judgment dismissing the third-party complaint without considering Solow's opposition papers. Solow appeals.
The Supreme Court erred, in sua sponte, in effect, striking Solow's opposition to R & J's motion for summary judgment dismissing the third-party complaint based upon Solow's failure to comply with the January 2022 order. The January 2022 order provided for preclusion upon a further motion by R & J pursuant to CPLR 3126(2) for that relief, and R & J never moved for preclusion (see CPLR 3126[2]; Sokolnik v Voronova, 221 AD3d 1036, 1038; Billingy v Blagrove, 84 AD3d 848, 849; Lee v Marino, 36 AD3d 454). Under these circumstances, the court should have considered Solow's opposition papers to R & J's motion for summary judgment dismissing the third-party complaint. Accordingly, we remit the matter to the Supreme Court, Kings County, for a new determination on the merits of R & J's motion for summary judgment dismissing the third-party complaint.
BRATHWAITE NELSON, J.P., CHRISTOPHER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court